*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0006P (6th Cir.)
File Name:  00a0006p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DANIEL V. GREEN, et al.,
*Plaintiffs-Appellees,*

*v.*

AMERITECH CORPORATION
and AMERITECH SERVICES,
INC.,
*Defendants-Appellants.*

No. 98-2176

Appeal from the United States District Court
for the Eastern District of Michigan at Flint.
No. 93-40535—Paul V. Gadola, District Judge.

Argued:  October 26, 1999

Decided and Filed:  January 6, 2000

Before:  JONES, MOORE, and GILMAN, Circuit Judges.

---

## COUNSEL

**ARGUED:**  Thomas  G.  Kienbaum,  KIENBAUM,
OPPERWALL,  HARDY  &  PELTON,  Birmingham,
Michigan, for Appellants. Rudy J. Huizenga, HUIZENGA &
HERGT, Detroit, Michigan, for Appellees.  **ON BRIEF:**

1

Thomas G. Kienbaum, Noel D. Massie, KIENBAUM, OPPERWALL, HARDY & PELTON, Birmingham, Michigan, for Appellants. Rudy J. Huizenga, HUIZENGA & HERGT, Detroit, Michigan, for Appellees.

––––––––––––

**OPINION**

––––––––––––

KAREN NELSON MOORE, Circuit Judge.  In this appeal defendants-appellants Ameritech Services, Inc. and Ameritech Corp. (hereinafter referred to collectively as "Ameritech") challenge an order of the district court vacating an arbitral award and remanding the case to a new arbitrator to be selected by the parties.  The underlying arbitration involved plaintiff-appellee Daniel Green's state law claims of age and race discrimination and retaliation.  The district court found that the arbitrator had exceeded his powers by failing sufficiently to explain his decision with respect to each of the plaintiff's theories, as the arbitration agreement required, and it therefore vacated the award.  Finding no ambiguity in the award, the district court refused to remand the matter to the original arbitrator for clarification, and instead remanded to a new arbitrator.

We conclude that although the arbitrator's opinion was minimal, it was nevertheless adequate to satisfy the terms of the agreement.  Accordingly, we **REVERSE** and **REMAND** for reinstatement of the arbitral award.  Furthermore, we note that if the arbitrator's explanation had been inadequate, the proper remedy would have been a remand to the same arbitrator for clarification.

## I.  BACKGROUND

This case originated as a suit brought in state court by Daniel V. Green, Rhoda A. Giebel, Ruth A. Boyd, and Linda L. Vincenti against their former employer, Ameritech Services, Inc., and its parent corporation, Ameritech Corp., alleging discrimination under Michigan's Elliott-Larsen Civil

*functus officio* doctrine.[9]  The purpose of this exception is to permit the arbitrator to complete an assigned task, and in this case the district court adjudged the arbitrator's task incompletely executed.  Remanding to Arbitrator Googasian under these circumstances would not implicate any of the concerns underlying the *functus officio* doctrine, as he would simply be completing his duties by clarifying his reasoning, not reopening the merits of the case.  *Cf. Teamsters Local 312 v. Matlack, Inc.*, 118 F.3d 985, 992 (3d Cir. 1997) ("[W]hether a case falls within one of these [doctrinal exceptions] must be considered in light of the underlying rationale for the modern application of *functus officio*.").  Therefore, if the district court were correct in its conclusion that Arbitrator Googasian failed to explain his award, the proper remedy would have been a remand to the same arbitrator for clarification.  We emphasize, however, that in Part II.B. we have concluded that Arbitrator Googasian minimally satisfied the explanation requirement stated in the arbitration agreement; accordingly, no remand to any arbitrator is warranted in this case.

## III.  CONCLUSION

For the foregoing reasons, we **REVERSE** the order of the district court and **REMAND** for reinstatement of the arbitral award.

---

[9]Remand on this basis would be authorized only because the parties' agreement imposed a duty of explanation on the arbitrator. We stress that in the ordinary case remand for the purpose of having the arbitrator clarify his reasoning would be inappropriate.

Rights Act, MICH. COMP. LAWS ANN. § 37.2101 *et seq.* (West 1985 & Supp. 1999).  Ameritech removed the action to the United States District Court for the Eastern District of Michigan based on diversity of citizenship.

Before trial, the parties entered into an arbitration agreement.  The following provisions of the arbitration agreement are particularly relevant to this appeal:

1.  *DISMISSAL OF CASE*:

    A stipulation dismissing Case No. 93-CV-73764-DT with prejudice shall be filed after (1) this Agreement has been executed *and* (2) Plaintiffs have filed briefs in opposition to all of Defendants' motions now pending before the Court.

2.  *SELECTION OF ARBITRATOR*:

    The parties agree that George Googasian of Bloomfield Hills, Michigan, shall be retained as the arbitrator.

    . . . .

10.  *TIME FOR AWARD*:   The arbitrator shall issue an award within twenty-one (21) days from the date set for filing of post arbitration briefs (if such briefs are filed) or within twenty-one (21) days from the last date of testimony.  The arbitrator's award shall be accompanied by an opinion which explains the arbitrator's decision with respect to each theory advanced by each Plaintiff and the arbitrator's calculation of the types of damages, if any, awarded to each Plaintiff.

11.  *AWARD FINAL AND BINDING*:   The award of the arbitrator shall be considered final and binding and judgment upon the award may be entered in the United States District Court for the Eastern District of Michigan, Southern Division.  Any challenge to

the award shall be made only for the reasons enumerated in section 10 of the Federal Arbitration Act [(hereinafter "FAA")], 9 U.S.C. §10, and must be filed within fourteen (14) days of the award. If a party challenges the award and its challenge is rejected by federal courts, that party shall pay costs and reasonable attorney fees incurred by the opposing party in defending the challenge. Nothing in this section implies that the arbitrator's factual findings or rulings on admission of evidence shall be grounds for challenging the award.

. . . .

14. *APPLICABILITY OF FEDERAL ARBITRATION ACT*: This Agreement is made pursuant to and is governed by the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

Joint Appendix (hereinafter "J.A.") at 25-29 (Arbitration Agreement). On July 25, 1996, in accordance with the arbitration agreement, the district court dismissed the action with prejudice, and the case proceeded to arbitration. When the arbitration began, all four plaintiffs were parties to the proceeding; within a few days, however, all plaintiffs except Green settled.

The parties filed their post-arbitration briefs on May 5, 1997. On May 20, 1997, Arbitrator Googasian wrote a letter to Green's counsel stating that he had reviewed the case and "would request the opportunity to discuss the matter with each counsel privately before we move forward." J.A. at 86 (Letter from Googasian to Huizenga). In his district court action seeking to vacate the arbitrator's decision, Green explained that in July of 1997, Arbitrator Googasian "indicated to the Plaintiff he wanted to settle the case, he had not yet made a decision in the case but was having a hard time finding discrimination." J.A. at 58 (Appeal of Arbitrator's Ruling). In a letter dated January 14, 1998, Green's counsel wrote to Arbitrator Googasian, stating that the defendants had indicated that they were not interested in settling and

submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify." *La Vale Plaza*, 378 F.2d at 573; *see also* IV MACNEIL, SPEIDEL & STIPANOWICH § 42.2.4.1, at 42:11 (noting that arbitrators have the authority "to correct mistakes apparent on the face of the award, decide issues undecided by the award, and clarify ambiguity respecting the completeness of the award" (footnotes omitted)).

In the instant case, the district court concluded, incorrectly in our view, that Arbitrator Googasian breached the arbitration agreement because he failed fully to execute his obligation to explain his award, and it refused to remand. Courts usually remand to the original arbitrator for clarification of an ambiguous award when the award fails to address a contingency that later arises or when the award is susceptible to more than one interpretation. *See, e.g., Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Local 182B v. Excelsior Foundry Co.*, 56 F.3d 844, 847 (7th Cir. 1995) (holding that uncertainty in an arbitration award about which party would pay for the employee's rehabilitation justified the arbitrator's extension of the deadline fixed in the original award, and explaining that this question "can fairly be characterized as 'interpretive,' allowing [the plaintiff-appellant] to crawl though the loophole in the doctrine of functus officio for clarification or completion, as distinct from alteration, of the arbitral award"); *Colonial Penn Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327, 335 (3d Cir. 1991) ("[T]he district court would be authorized to remand so that the arbitrators themselves could clarify their intent as to the remedy awarded."); *Courier-Citizen Co. v. Boston Electrotypers Union No. 11*, 702 F.2d 273, 279 (1st Cir. 1983) (holding that an arbitrator did not run afoul of the *functus officio* doctrine when he issued a second arbitration award; the first award was incomplete and "the second award simply fleshed out the remedy announced initially").

While a failure fully to explain an award does not leave such an interpretive gap, we believe that it would nevertheless authorize a remand based on this third exception to the

original arbitrator on the doctrine of *functus officio*. Black's Law Dictionary explains that the term means "[h]aving fulfilled the function, discharged the office, or accomplished the purpose, and therefore of no further force or authority." BLACK'S LAW DICTIONARY 673 (6th ed. 1990); *see also* III MACNEIL, SPEIDEL & STIPANOWICH § 37.6.1.1, at 37:25 ("In most cases arbitrators' appointments continue until they have heard the case, made a final award, and disclosed it to both parties. At this time their task is performed, their duties under the arbitration agreement are discharged, and their arbitral authority is at an end."). The Third Circuit has explained: "The policy which lies behind this [doctrine] is an unwillingness to permit one who is not a judicial officer and who acts informally and sporadically, to re-examine a final decision which he has already rendered, because of the potential evil of outside communication and unilateral influence which might affect a new conclusion." *La Vale Plaza, Inc. v. R.S. Noonan, Inc.*, 378 F.2d 569, 572 (3d Cir. 1967).

The doctrine of *functus officio* contains several exceptions. This court has noted: "[The] rule [of *functus officio*] was based on the notion that after an arbitrator has rendered an award, his contractual powers have lapsed and he is '*functus officio*.' This rule, however, has its limits. A remand is proper, both at common law and under the federal law of labor arbitration contracts, to clarify an ambiguous award or to require the arbitrator to address an issue submitted to him but not resolved by the award." *Industrial Mut. Ass'n, Inc. v. Amalgamated Workers, Local No. 383*, 725 F.2d 406, 412 n.3 (6th Cir. 1984) (citations omitted). For this proposition, the *Industrial Mutual* court cited *La Vale Plaza*, which contains a more detailed discussion of the exceptions. The *La Vale Plaza* court explained that (1) an "arbitrator can correct a mistake which is apparent on the face of his award"; (2) "where the award does not adjudicate an issue which has been submitted, then as to such issue the arbitrator has not exhausted his function and it remains open to him for subsequent determination"; and (3) "[w]here the award, although seemingly complete, leaves doubt whether the

inquiring when a decision would issue. J.A. at 94 (Letter from Huizenga to Googasian). The arbitrator did not respond to this letter, nor did he respond to subsequent letters by both parties. On May 1, 1998, Green filed a "Motion to Remove Arbitrator and Reinstate Case to Federal Court." In the motion, Green alleged that Arbitrator Googasian's failure to issue a timely opinion was a breach of the arbitration agreement, and he requested that the district court remove Arbitrator Googasian and appoint a new arbitrator, or in the alternative reinstate the case and allow it to proceed to trial.

Before the district court ruled on Green's motion, Arbitrator Googasian rendered his opinion in favor of Ameritech. The opinion itself is six pages long. It sets forth the plaintiff's claims of age and race discrimination and retaliation, and it focuses primarily on a description of the "Corporate Resizing Process," or "CRESP" process, which allegedly operated in a discriminatory manner. The opinion concludes as follows:

### AGE DISCRIMINATION

Considering all the evidence, the Arbitrator finds that Plaintiff Daniel Green has not met his burden of proof that the decision to terminate his employment in November of 1992, constituted age discrimination in violation [of the] Elliott-Larsen Civil Rights Act.

### RACE DISCRIMINATION

Considering all the evidence, the Arbitrator finds that Plaintiff Daniel Green has not met his burden of proof that the decision to terminate his employment in November of 1992, constituted race discrimination in violation [of the] Elliott-Larsen Civil Rights Act.

### RETALIATION

Considering all the evidence, the Arbitrator finds that Plaintiff Daniel Green has not met his burden of proving, in accordance with the standards set under the Elliott-Larsen Civil Rights Act, that retaliation for protected

activity was a factor which made a difference in the decision to terminate his employment in November of 1992. The Arbitrator finds no evidence to support the Plaintiff's position that retaliation was, in any way, a factor in Plaintiff Daniel Green's termination.

J.A. at 44-45 (Arbitrator's Op.).

On June 9, 1998, Green filed an "Appeal of Arbitrator's Ruling" in the District Court for the Eastern District of Michigan[1] under the same case number as the original action. Green asked the district court to vacate Arbitrator Googasian's ruling pursuant to 9 U.S.C. § 10(a)(3) and (4)[2] on the grounds that: (1) Arbitrator Googasian's decision was in breach of the agreement because it was not issued within twenty-one days of the filing of post-arbitration briefs; (2) Arbitrator Googasian exceeded his powers by issuing a decision after being notified that he was in breach; and (3)

---

[1]This challenge was timely under the agreement, as Ameritech agreed to allow the appeal period for the arbitrator's decision to begin running on May 26, 1998, rather than May 7, which was the date of the award.

[2]Section 10 provides in relevant part:

   (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration —

   . . . .

   (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

   (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

Appellee's Br. at 23-24. However, the arbitrator was not required by the agreement "fully" to set forth the facts and his conclusions; the agreement simply called for an explanation. Although Arbitrator Googasian's opinion was brief and conclusory, he did "explain" why Ameritech prevailed on each theory, namely, that Green had not met his burden of proving that the decision was discriminatory or retaliatory.

If parties to an arbitration agreement wish a more detailed arbitral opinion, they should clearly state in the agreement the degree of specificity required. In addition, the use of familiar legal terms would serve to ensure that reviewing courts have a standard to guide their analysis. In the instant case, Arbitrator Googasian's opinion was certainly minimal. The arbitration agreement, however, contained only the inexact requirement of an explanation as to each theory, and we find it significant that the arbitrator's opinion provided a separate discussion regarding each of the plaintiff's theories and explained, albeit briefly, the reasons for denying recovery on each one.

## C.  The Remedy

Ameritech's final contention is that the district court erred in declining to remand to Arbitrator Googasian for supplementation and clarification and in choosing instead to vacate the award and remand to a new arbitrator to be selected by the parties. Even were we to conclude that the arbitrator's opinion did not satisfy the contractual requirement of an explanation of each of the plaintiff's theories, we could not affirm the district court's order to remand to a new arbitrator.

In its analysis, the district court misconstrued the governing law. The district court believed that remand to Arbitrator Googasian was not an option; it stated that "[r]emand is available when an arbitration award is 'ambiguous.'" J.A. at 130 (Dist. Ct. Op.). Finding that Arbitrator Googasian's award was not ambiguous, the district court concluded that it could not remand for an explanation. As both parties noted in their briefs, the district court must have based its conclusion that it lacked the authority to remand to the

meanings." *New Elliott Corp. v. MAN Gutehoffnungshütte AG*, 969 F. Supp. 13, 15 (S.D.N.Y. 1997). In addition, the arbitration panel in *Western Employers* actually *refused* to make the requisite findings and conclusions, instead questioning whether they were bound by the parties' agreement; the panel did not include *any* findings or conclusions. Unlike in the present case where the parties dispute whether Arbitrator Googasian's statements "explained" his decision, the sufficiency of the panel's opinion in *Western Employers* does not seem to have been in doubt.

Because "explain" is not a standard legal term, we are left with little guidance as to how to determine whether the arbitrator explained his decision so as to meet the requirements of the agreement.[8] To resolve this question, we must examine closely the arbitrator's opinion. In his opinion, the arbitrator set forth facts pertaining to the dispute and a brief discussion of each of the three claims. With regard to age and race discrimination, the arbitrator wrote that considering all of the evidence, Green had not met his burden of proof that the decision to terminate his employment constituted discrimination. The arbitrator wrote slightly more about the retaliation claim, stating that Green had not met his burden of proving that retaliation for protected activity was a factor in the decision to terminate his employment. Green takes issue with the brevity and the conclusory nature of the arbitrator's opinion:

> The arbitrator did not fully set forth the facts of the case presented by the Plaintiff or the Defendants. The arbitrator did not fully set forth the legal theories of the Plaintiff and the Defendants. The arbitrator did not indicate which legal theories he would follow and which he would not follow and why. The arbitrator did not apply the facts to the law of the case.

---

[8] Ordinarily, of course, "[a]rbitrators have no obligation to the court to give their reasons for an award." *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598 (1960).

Arbitrator Googasian breached the agreement by not explaining the decision with respect to each theory advanced by the plaintiff.

On August 6, 1998, the district court issued an opinion vacating Arbitrator Googasian's award. With regard to Green's first claim, the district court found that Green had waived his right to object to the timeliness of Arbitrator Googasian's opinion because he went along with Arbitrator Googasian's settlement plans, and found in the alternative that Green was not prejudiced by the delay. As to Green's claim that Arbitrator Googasian improperly issued a decision in favor of Ameritech after Green's motion for removal, the district court found that the arbitrator was not biased against Green. The court went on to state: "In fact, it seems to this court that if the arbitrator was biased at all, he was biased *in favor* of the plaintiff. The arbitrator took the unusual step of attempting to obtain a settlement for the plaintiff after the arbitration proceedings." J.A. at 128 n.2 (Dist. Ct. Op.). The district court did find merit, however, in Green's third claim that the arbitrator exceeded his authority by failing to explain his decision.[3] The court reasoned: "Here, the arbitrator did not '***explain***' his decision with respect to each one of plaintiff's theories, as the term 'explain' is commonly understood. Rather, the arbitrator merely ***announced*** his decision with respect to each one of plaintiff's theories. The arbitrator's opinion is totally conclusory and insufficient according to the terms of the Arbitration Agreement." J.A. at 129 (Dist. Ct. Op.). The district court therefore vacated the arbitration agreement and remanded the matter to a new arbitrator to be selected by the parties. The court refused Ameritech's suggestion that the award should instead be remanded to Arbitrator Googasian for clarification, finding that the award was not ambiguous.

---

[3] Although the district court cited 9 U.S.C. § 10(a)(3), its decision appears to have been based in fact on § 10(a)(4).

Ameritech filed a motion for reconsideration in the district court, claiming that "the Court was wrong in concluding that a more detailed opinion should not be requested from Arbitrator Googasian." J.A. at 143 (Mot. for Recons.). In support of its claim that submission of the action to an arbitrator other than Googasian impermissibly rewrote the agreement, Ameritech attached the affidavits of two of its attorneys, who explained that the selection of Arbitrator Googasian was crucial to Ameritech's decision to submit to binding arbitration. J.A. at 156-61 (Affs. of Lichtenstein and Kienbaum). The district court denied this motion, and Ameritech appealed.

## II.  ANALYSIS

### A.  District Court's Subject Matter Jurisdiction

Ameritech first challenges the subject matter jurisdiction of the district court. This court applies a de novo standard of review to questions of subject matter jurisdiction. *See Friends of the Crystal River v. EPA*, 35 F.3d 1073, 1077 (6th Cir. 1994).

Ameritech's jurisdictional argument is that, since the district court dismissed the case on July 25, 1996, pursuant to the parties' agreement to arbitrate, there was "no open proceeding below" through which Green could challenge the arbitrator's ruling. Appellant's Br. at 17. Ameritech does not contend that a proper challenge to Arbitrator Googasian's decision could not have been brought. Its contention is that, rather than instituting a new action under § 10 of the FAA in order to challenge the arbitral award, Green instead improperly filed an appeal in a dismissed case.

Green argues that the fact that a dismissal rather than a stay was issued is of no importance, citing the Fifth Circuit's decision in *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161 (5th Cir. 1992). In *Alford*, which involved an appeal of a motion to compel arbitration, the plaintiff-appellant argued that the district court erred in dismissing her claims with prejudice rather than staying them pursuant to § 3 of the FAA.

*id.*; Western Employers apparently erroneously believed that the inclusion of such findings would entitle it to greater judicial scrutiny in the event that the arbitral award were contested. *See id.* at 261. In the course of the hearings before the three-member panel constituted by NASD, Western Employers requested findings of fact and conclusions of law several times. In response to one of these requests, Jefferies's counsel informed the panel that Western Employers could use such findings for purposes of collateral estoppel in a related class action pending against Jefferies. Although Western Employers argued that the panel was required to make such findings pursuant to the agreement, "[t]he Chairman of the panel responded that the panel was not bound by an agreement between Jefferies and Western [Employers]." *Id.* at 260. The panel eventually rendered an award in favor of Jefferies on all disputed issues, and it "did not include any findings of fact and conclusions of law in its award." *Id.*

The Ninth Circuit noted that it had "traditionally vacated arbitration awards under [§ 10(d)[7]] in cases where the arbitrators [have] somehow alter[ed] the *parties'* contractual obligations." *Id.* at 262. While the provision is most commonly violated when arbitrators rule on issues not submitted to arbitration, the Ninth Circuit concluded that "arbitrators can also 'exceed their powers' under 9 U.S.C. § 10(d) when they fail to meet *their* obligations, as specified in a given contract, to the parties." *Id.* Finding a violation, the court vacated the arbitrator's award.

*Western Employers*, however, is significantly different from the instant case. First, the standard of explanation called for in *Western Employers* is clear — the arbitration panel was required to make findings of fact and conclusions of law — whereas the agreement in the present case calls simply for an explanation without specifying what that means. Unlike the term "explain," "'[f]indings of fact' and 'conclusions of law' are familiar terms in legal parlance with reasonably plain

---

[7]Section 10(a)(4) was formerly § 10(d).

arbitration award, we review factual findings for clear error and questions of law de novo. *See Glennon v. Dean Witter Reynolds, Inc.*, 83 F.3d 132, 135 (6th Cir. 1996); *see also First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947-48 (1995) (agreeing with the majority of circuits that review of a district court decision upholding an arbitration award "should proceed like review of any other district court decision finding an agreement between parties, *e.g.*, accepting findings of fact that are not 'clearly erroneous' but deciding questions of law *de novo*"). The question whether an arbitrator has exceeded his authority is a question of law that we review de novo. *See MidMichigan Reg'l Med. Ctr.-Clare v. Professional Employees Div. of Local 79, Serv. Employee Int'l Union*, 183 F.3d 497, 501 (6th Cir. 1999). The district court's determination that Arbitrator Googasian did not perform in accordance with the arbitration agreement involves an interpretation of the meaning of "explain," and as such is also reviewed de novo. *See, e.g., Boyer v. Douglas Components Corp.*, 986 F.2d 999, 1003 (6th Cir. 1993) ("[C]ontract interpretation is generally 'a question of law not subject to the clearly erroneous standard' . . . ." (quoting *Weimer v. Kurz-Kasch, Inc.*, 773 F.2d 669, 671 (6th Cir. 1985))).

In ruling that Arbitrator Googasian exceeded his authority by failing to explain sufficiently his decision,[6] the district court relied heavily on the Ninth Circuit's decision in *Western Employers Insurance Co. v. Jefferies & Co.*, 958 F.2d 258 (9th Cir. 1992). In that case, the parties executed a Limited Trading Authorization that included a standard agreement to arbitrate any disputes under the rules of the National Association of Securities Dealers ("NASD"). *See id.* at 259. At the request of Western Employers, "the parties altered the agreement to require arbitrators to accompany any award with a statement of their findings of fact and conclusions of law, "

---

[6]For purposes of this opinion, we shall assume without deciding that an arbitrator can exceed his powers in violation of § 10(a)(4) by failing to fulfill his obligations, as opposed to by overstepping the bounds of his authority.

*See id.* at 1164. The Fifth Circuit rejected the claim, explaining:

> The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration. As stated in *Sea-Land* [*Service, Inc. v. Sea-Land of Puerto Rico, Inc.*, 636 F.Supp. 750 (D. P.R. 1986)]:
>> Although we understand that plaintiff's motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration. Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.

*Alford*, 975 F.2d at 1164 (quoting *Sea-Land Service, Inc.*, 636 F.Supp. at 757) (citations omitted). Although it is certainly true that dismissal with prejudice of a plaintiff's discrimination claims has no effect upon a subsequent challenge to an arbitrator's ruling, which is an entirely separate action, Green's argument does not address Ameritech's objection to the procedure used to challenge Arbitrator Googasian's ruling.

In order to challenge an arbitrator's decision under the FAA when there is no pending proceeding in the district court, the moving party must establish subject matter jurisdiction. Ameritech is correct in asserting that the FAA does not independently confer subject matter jurisdiction on the district court. *See Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 257 (6th Cir. 1994) ("It is well established . . . that § 10 of the Arbitration Act does not constitute a grant of subject matter jurisdiction."); IV IAN R. MACNEIL, RICHARD E. SPEIDEL & THOMAS J. STIPANOWICH, FEDERAL ARBITRATION LAW

§ 38.1.4, at 38:7.  However, in the case at bar there was a basis for subject matter jurisdiction in the district court pursuant to 28 U.S.C. § 1332.  Additionally, the arbitration agreement recognizes the district court's subject matter jurisdiction with regard to enforcement of and challenges to the arbitration award:  "The award of the arbitrator shall be considered final and binding and judgment upon the award may be entered in the United States District Court for the Eastern District of Michigan, Southern Division.  Any challenge to the award shall be made only for the reasons enumerated in section 10 of the Federal Arbitration Act . . . ." J.A. at 28 (Arbitration Agreement).

Ameritech essentially argues that the procedure employed by Green to challenge the arbitrator's decision deprived the district court of the subject matter jurisdiction it otherwise would have had.  Rather than filing a "new" motion under the FAA, Green filed an "appeal" of the arbitrator's decision using the case number of the dismissed case, and naming the same judge.[4]  Ameritech contends that because Green proceeded under the old case, he also failed to reestablish diversity jurisdiction.  Although the proper procedure for initiating a proceeding under § 10 when there is no prior jurisdictional basis is to file a motion to vacate the award that sets forth the facts establishing jurisdiction,[5] Green's pleading

-------

[4]The "appeal" was eventually renumbered and assigned to a different district judge because the original judge recused himself.

[5]Section 10 of the FAA provides that a party seeking to vacate the award should make an "application," and § 6 states that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions."  9 U.S.C. § 6.  Therefore, a party should initiate a proceeding under § 10 by filing a motion to vacate, not a complaint.  *See* IV MACNEIL, SPEIDEL & STIPANOWICH § 38.4.3.1, at 38:60.  A motion to vacate should include the following information, unless the information is already before the court:

(1) The name and address of the petitioner and respondent;
(2) facts establishing the jurisdiction of the court;
(3) a statement that the parties entered into a contract containing an arbitration clause on a given date, unless the

error did not bar the district court's exercise of subject matter jurisdiction.  The district court clearly had diversity jurisdiction over the action.  While § 10 limits the scope of a district court's jurisdiction to review arbitral awards to four specified grounds, Green's challenge fell into one of the categories listed in § 10.  The district court's jurisdiction to review Green's challenge was therefore not limited by § 10 or the parties' agreement, which contemplated review pursuant to § 10.  In these circumstances, the district court properly exercised subject matter jurisdiction, and we have jurisdiction to review the district court's decision pursuant to 9 U.S.C. § 16(a)(1)(E) and 28 U.S.C. § 1291.

## B.   Whether Arbitrator Googasian Exceeded His Powers Under 9 U.S.C. § 10(a)(4)

The district court found that Arbitrator Googasian exceeded his powers because he failed to explain his decision as called for by the arbitration agreement.  The district court concluded that the arbitrator "merely ***announced*** his decision with respect to each one of plaintiff's theories," and that the opinion was "insufficient according to the terms of the Arbitration Agreement."  J.A. at 129 (Dist. Ct. Op.).  When reviewing a district court's decision to confirm or vacate an

-------

motion challenges this, in which case the basis of the challenge should be set out;

(4) a statement that the arbitrators made an award in favor of petitioner on a given date and setting out the essential terms of the award;

(5) a statement of the basis or bases for challenging the award, relating each to the section(s) of FAA §10 and/or FAA §11 upon which the challenge is based; and

(6) a request that the court vacate the award pursuant to FAA §10, or where modification is sought, that the court modify the award in particular respects pursuant to FAA §11, and confirm it as so modified.  In the latter case the motion should request that that [sic] judgment be entered on the award in favor of petitioner including interest and costs.  Where the award is for monetary relief, the amount requested should be the amount of the award plus interest and costs.

*Id.* § 38.4.3.1, at 38:61 to 38:62 (footnotes omitted).