Curtis M. ADKINS, Individually and on behalf of others similarly situated, Plaintiff,

v.

LABOR READY, INC., and Labor Ready Mid–Atlantic, Inc., Defendants.

No. Civ.A.2:00–0884.

United States District Court, S.D. West Virginia, at Charleston.

Sept. 28, 2001.

---

Stuart Calwell, Mary McQuain, Calwell & McCormick, Charleston, WV, for Plaintiff.

Niall A. Paul, Kevin L. Carr, Spilman, Thomas & Battle, Charleston, WV, Carl Trieshmann, Schnader, Harrison, Segal & Lewis, LLP, Atlanta, GA, for Defendants.

─────────

*ORDER*

COPENHAVER, District Judge.

This matter is before the court on plaintiff's motion to amend the amended complaint, filed December 4, 2000, and plaintiff's supplement to the motion to amend, filed December 26, 2000.

## I.

Plaintiff seeks to amend the amended complaint to add as defendants sixty-four businesses for whom the named plaintiff and opt-in plaintiffs[1] in this action worked through job assignments made by defendants Labor Ready, Inc., and Labor Ready Mid–Atlantic, Inc., (collectively "Labor Ready"), a temporary employment agency and its wholly owned subsidiary. Plaintiff's proposed class action complaint alleges that defendants violated "federal and state wage and hour laws and wage payment collection laws" by failing to pay for "call time, training time, travel time, [and] overtime." (Pl.'s Am.Compl. at XXX, XXXI.) While plaintiff's amended complaint does not identify the "wage and hour laws" under which he proceeds, the plaintiff has clarified in subsequent briefing that his claims are made pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), as well as West Virginia's Minimum Wage and Maximum Hours Standards for Employees, ("State Wage Act") West Virginia Code section 21–5C–1(b), and West Virginia's Wage Payment Collection Act, West Virginia Code section 21–5–1. (Pl.'s Mem. in Suppt. Mot.Amend Compl. at 3–4.)

It is plaintiff's contention that the proposed additional defendants (sometimes hereinafter referred to as "Labor Ready customers") are, along with Labor Ready, "joint employers" of the plaintiff and opt-in plaintiffs, who are therefore jointly liable for Labor Ready's wage violations. (*Id.* at 4.) Plaintiff alleges that Labor Ready's customers are "necessary" parties pursuant to Rule 19 of the Federal Rules of Civil Procedure because they are jointly liable with Labor Ready for Labor Ready's wage violations and because Labor Ready has "negative financial reports" which might foreshadow Labor Ready's inability to pay any judgment rendered against it. (*Id.* at 4–5.)

In response to plaintiff's motion to amend the amended complaint to add Labor Ready's

1. Named plaintiff Curtis Adkins has filed numerous "consent forms" of individuals purporting to be current or former Labor Ready employees and who consent to become a party plaintiff in this Fair Labor Standards Act action. *See* 29 U.S.C. § 216(b) (In order to become a party plaintiff to an action filed by an employee under § 216(b), an employee must give "consent in writing to become such a party" with "such consent ... filed in the court in which such action is brought."). The court will refer to these individuals as "opt-in" plaintiffs, as distinguished from representative plaintiff (hereinafter "plaintiff") Adkins.

customers, Labor Ready points out that plaintiff does not propose to add any additional allegations to the amended complaint but merely seeks to join additional defendants to the existing complaint. (Def.'s Resp.Mot.Amend Compl. at 2–5.) Labor Ready argues that the proposed second amended complaint would fail to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure with respect to the proposed additional defendants inasmuch as it would not contain any factual allegations relating to the additional defendants. *See* Fed. R.Civ.P. 8(a)(2) ("A pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief").

Labor Ready also contends that joinder of the proposed additional defendants is inappropriate considering the likelihood of "hopelessly confus[ing] any jury." (*Id.* at 6.) According to Labor Ready, "there is no showing that plaintiff or any other individual worked the same hours, at the same location, under the same supervision, with the same waiting time, the same travel time, and the same deductions at issue generally in the amended complaint." (*Id.* at 6–7.) Labor Ready adds that, if the court were to permit the introduction of sixty-four[2] additional defendants, the task for the jury would be "daunting." (*Id.*)

## II.

In order to amend a complaint to add additional parties after a responsive pleading has been filed, a movant must seek leave of the court pursuant to Rule 15 of the Federal Rules of Civil Procedure, and he must demonstrate compliance with either Rule 19 or Rule 20, the procedural rules pertaining to joinder of parties.

Rule 15(a) states, in pertinent part:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a). The Supreme Court has articulated the following standard to guide the district courts in determining whether to grant leave to amend:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The decision to grant leave to amend a complaint is within the sound discretion of the district court. *Id.* Amendments which seek to add parties are generally permitted. *See, e.g.*, 3 Wm. Moore et al., Moore's Federal Practice, ¶ 15.16[1] (3d ed.1997) and cases cited therein. However, it is appropriate for a court to deny a motion to amend if the amendment will be futile, defined as being unable to survive a motion for summary judgment. *See e.g., id.; Edell & Associates, P.C. v. Law Offices of Angelos*, 264 F.3d 424, 446 (4th Cir.2001) ("Indeed, we have recognized that leave to amend a complaint should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.") (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999); *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2nd Cir.2001)) (a motion to amend complaint should be denied as futile where opposing party would be entitled to summary judgment on proposed amended complaint); *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir.2001) ("An amendment is futile if the

2. At the time Labor Ready filed its response, plaintiff was only seeking to add thirty-eight additional defendants. Plaintiff later filed a supplemental list of proposed defendants, bringing the total to sixty-four.

added claim would not survive a motion for summary judgment.").

Rule 19 governs the joinder of persons needed for a just adjudication. The rule provides, in pertinent part, as follows:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . .

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.

Rule 19 establishes a two-part test for joinder. Clause 1(a) directs an absent party be joined if complete relief cannot otherwise be granted to those already before the court. This portion of the rule "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' relief rather than complete relief to the parties before the court." Fed. R.Civ.P. 19 advisory committee note. The " 'Complete' relief refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *U.S. v. Arlington County, Va.,* 669 F.2d 925, 928 (4th Cir.1982), *cert. denied,* 459 U.S. 801, 103 S.Ct. 23, 74 L.Ed.2d 39 (1982). If a court determines that a party should be joined under the first clause, the court then proceeds to clause (b) to determine whether joinder of that party is feasible. *See* Fed.

R.Civ.P. 19; 4 Wm. Moore et al., Moore's Federal Practice, ¶ 19.02[2][a] (3d ed.1997).

While plaintiff purports to bring his motion to amend pursuant to Rules 15 and 19 of the Federal Rules of Civil Procedure, it should be noted that Federal Rule of Civil Procedure 20 governs permissive joinder of parties. Rule 20 provides in pertinent part:

(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a).

### III.

■ The court notes at the outset that the plaintiff has not demonstrated that the proposed additional defendants are necessary parties pursuant to Rule 19. The fact that a party may be jointly and severally liable for damages with a non-party does not make the non-party a necessary party. *See, e.g., Herpich v. Wallace,* 430 F.2d 792 (5th Cir.1970) ("Rule 19, as amended in 1966, was not meant to unsettle the well-established authority to the effect that joint tortfeasors or coconspirators are not persons whose absence from a case will result in dismissal for non-joinder"); Fed.R.Civ.P. 19 advisory committee note (Rule 19 does not alter the "settled authorities holding that a tortfeasor with the usual 'joint and several' liability is merely a permissive party to an action against another with like liability."). Nor is there any legal basis for the plaintiff's contention that Labor Ready's feared insolvency would render proposed additional parties necessary pursuant to Rule 19.

Turning to the issue of permissive joinder under Rule 20, the court must determine whether the claims of the plaintiff and the opt-in plaintiffs with respect to the proposed additional defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed.R.Civ.P. 20.

■ As Labor Ready aptly noted, the plaintiff and opt-in plaintiffs presumably have had different experiences within the Labor Ready employment system.[3] (*See generally* Am.Compl.) In large part, these individuals would have worked for different Labor Ready customers, on different dates, for varying lengths of time. Plaintiff has not alleged that he and each of the opt-in plaintiffs worked for each of the sixty-four Labor Ready customers.[4] It appears that the proposed claims against Labor Ready customers by plaintiff and opt-in plaintiffs arise from distinct transactions relating to each individual's unique work assignments. Thus, it cannot be said that the plaintiff and opt-in plaintiffs' claims against the sixty-four Labor Ready customers all "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as contemplated for permissive joinder. Fed.R.Civ.P. 20. It appears that the claims plaintiff and opt-in plaintiffs seek to assert against the Labor Ready customers would only be appropriate by way of separate actions relating to the appropriate Labor Ready customer. *See* 29 U.S.C. § 216;[5] Fed.R.Civ.P. 20–21 (Federal Rule of Civil Procedure 21 governs misjoinder of parties).

■ In addition to failing to meet the procedural hurdles associated with the joinder rules, it appears that plaintiff's proposed amendment would also be futile, on three independent bases, under the standard enunciated by federal case law interpreting Federal Rule of Civil Procedure 15. *See Edell & Associates, P.C. v. Law Offices of Angelos,* 264 F.3d 424, 445–46 (4th Cir.2001); *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir.1999).

First, as Labor Ready noted, plaintiff seeks to join additional defendants without amending the allegations in his complaint to state claims against those proposed additional parties. The only entities against which the amended complaint seeks relief are Labor Ready, Inc., and Labor Ready Mid–Atlantic, Inc. There are no allegations identifying or describing the proposed additional defendants or their role in the alleged statutory violations. There are no allegations relating to the alleged "joint employer" status of the proposed additional defendants and Labor Ready. There are no allegations that plaintiff or any opt-in plaintiff worked for the proposed additional defendants through Labor Ready. In sum, the amended complaint contains no "short and plain statement" showing that plaintiff is "entitled to relief" against the proposed additional defendants. *See* Fed.R.Civ.P. 8.

If the court were to permit the plaintiff to amend the amended complaint as requested, such that the only change would be the addition of sixty-four additional defendants, the result would be that these defendants would not be able to ascertain, based upon the second amended complaint, on what basis the plaintiff and opt-in plaintiffs were making claims against them. The proposed second amended complaint would be futile inasmuch as the additional defendants would have a valid motion to dismiss for failure to state a

---

3. The plaintiff estimates that his class will ultimately consist of "thousands of persons." (Pl.'s Am.Compl. at ¶ V.)

4. While the memorandum in support of plaintiff's motion to amend the amended complaint and the supplement thereto do not specify the means by which the plaintiff derived the list of proposed additional defendants, it appears that the list grew as the list of opt-in plaintiffs grew, with each opt-in plaintiff identifying his Labor Ready work assignments. (*See* Pl.'s Amended Mot. to Amend at 1, "since the filing of Plaintiff's Motion to Amend the Amended Complaint ...

Plaintiff and opt-in Plaintiffs have identified additional joint employers").

5. Moreover, the plain language of the FLSA suggests that a class claim is appropriate when the classmembers worked for *the same employer*. *See* 29 U.S.C. § 216 ("An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.").

claim for relief against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

Second, it appears that the plaintiff's proposed claims against Labor Ready's customers would be properly decided in an arbitral forum. As articulated in the court's companion order entered contemporaneously herewith, regarding Labor Ready's motion to compel arbitration, the court has already determined that the arbitration clause is valid and covers the plaintiff's allegations. Inasmuch as the claims against the proposed additional defendants appear to be "inherently inseparable" from the claims against Labor Ready, it appears that these claims should be a part of the arbitration proceedings between plaintiff, each opt-in plaintiff and Labor Ready. *See MS Dealer Service Corp. v. Franklin,* 177 F.3d 942, 947 (11th Cir.1999); *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.,* 863 F.2d 315, 320–21 (4th Cir.1988). Inasmuch as the proposed additional defendants would be entitled to compel binding arbitration of the plaintiff's claims, the proposed amendment is futile on this basis.

Third, the plaintiff and opt-in plaintiffs may have a contractual bar to asserting claims against the Labor Ready customers. As a part of their application, each employee executes a statement entitled "Release of Claims Against Labor Ready Customers." The statement provides, in part:

> I understand that the Company provides temporary workers for its customers to work at the customers' project site. In accepting any work assignment, I acknowledge that I am a temporary employee of the Company and am not an employee of the Company's customer.
>
> *       *       *       *       *       *
>
> For myself, and on behalf of my heirs, executor, personal representative and assigns, I waive, release and forever discharge any claims that I may now have or that may later accrue against any customer of the company which directly or indirectly arises out of any injuries which may occur to me while on a temporary work assignment for the company.

(Pl.'s Opp.Def.'s Mot.Compel Arbitration, Exhibit 2.) The validity and scope of the release has not been explored, but it may be a substantive bar to one or more of plaintiff's and opt-in plaintiff's claims against the proposed additional defendants.

## IV.  Conclusion

It appearing that the proposed amendment of the amended complaint fails to meet the requirements of the federal rules relating to joinder or amendments, it is ORDERED that the plaintiff's motion to amend the amended complaint and the supplement to the motion be, and they hereby are, denied.

The court having ordered the arbitration of the claims of plaintiff Curtis M. Adkins against Labor Ready, and there being no further issues remaining for court resolution inasmuch as it appears that the opt-in plaintiffs are bound by agreements to arbitrate as set forth in footnote 16 on page 43 of the companion order entered contemporaneously herewith, it is ORDERED that the above-styled civil action be, and it hereby is, dismissed. *E.g., Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc.,* 252 F.3d 707, 709 (4th Cir.2001) ("dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable"); *Green v. Ameritech Corp.,* 200 F.3d 967, 973 (6th Cir.2000) ("Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose.").

The Clerk is directed to forward copies of this order to all counsel of record.