**Jamshid SABOURI, Plaintiff–Appellant,**

**v.**

**OHIO DEPARTMENT OF JOBS AND FAMILY SERVICES; Jackie Romer–Sensky; James Matthews; Dwight Garner, Defendants–Appellees.**

No. 01–3998.

United States Court of Appeals, Sixth Circuit.

March 28, 2002.

Before BATCHELDER and CLAY, Circuit Judges; ALDRICH, District Judge.*

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

Jamshid Sabouri, a pro se Ohio plaintiff, appeals a district court order and judgment dismissing his civil rights action filed under 42 U.S.C. §§ 1983 and 1985, and his contract action construed as brought under Ohio Rev.Code Chapter 4117. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, Sabouri sued his employer, the Ohio Department of Jobs and Family Services (ODJFS), its director (Romer–Sensky), and two other officials (Matthews and Garner), for allegedly retaliating against him for filing an earlier employment discrimination charge against them. In that case, Sabouri sued the Ohio Bureau of Employment Services (which merged with another agency to become the ODJFS) for alleged violations under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Equal Pay Act. On April 14, 2000, Sabouri attempted to amend his complaint to add claims for retaliation, obstruction of justice, and unfair labor practice. The magistrate judge denied leave to amend in an order filed on October 24, 2000, and Sabouri chose to file a new complaint raising those claims rather than appeal the magistrate judge's decision to the district court.

In his present complaint, Sabouri alleged that, on August 30, 1999, defendants Matthews and Garner conspired to deliberately assign Sabouri to work under the supervision of James Adams, knowing that Adams was hostile toward Sabouri and had been named as a defendant in Sabouri's 1997 discrimination complaint.

The next day, Adams allegedly falsely accused Sabouri of threatening to kill him, leading to an investigation by the State Highway Patrol, who found no evidence of wrongdoing. Nonetheless, Sabouri was placed on administrative leave pending an investigation and Adams unsuccessfully attempted to file criminal charges against him. In addition, Matthews compelled Sabouri to undergo a psychiatric evaluation. On October 1, 1999, Sabouri was permitted to return to work, but Garner and Matthews relocated his workstation to a different floor. An investigatory hearing related to Adams's accusation was set for December 3, 1999, but no written report was forthcoming, allegedly as a result of the interference of Garner and Matthews. Instead, Garner called Sabouri to his office on January 18, 2000, and imposed a written reprimand related to Adams's allegation. On January 27, 2000, Sabouri presented a grievance to Garner, who failed to respond, allegedly in violation of Sabouri's civil and contractual rights under 42 U.S.C. § 1983 and the National Labor Relations Act (NLRA).

The district court granted the defendants' motion to dismiss in an opinion and order entered on August 17, 2001. A separate judgment was entered the same day. The district court first found that Sabouri's civil rights claims against the ODJFS and the individual defendants in their official capacities were barred by Eleventh Amendment immunity. The district court next found that it lacked jurisdiction over Sabouri's NLRA claim, construed as brought under Ohio Rev.Code Chapter 4117 since he is a state employee. Ohio invests the State Employment Relations Board with exclusive initial jurisdiction over claims brought by public employees under Chapter 4117. Next, the district court determined that the defendants, insofar as they were sued in their individual capacities, were entitled to qualified immunity as to Sabouri's retaliation claim under § 1983. Finally, the district court found that Sabouri's allegations of conspiracy under § 1985 were wholly conclusory and insufficient to warrant relief.

On appeal, Sabouri argues that the district court erred in finding no jurisdiction and then proceeding to analyze his claims. In addition, he continues to argue the merits of his claims, particularly that claim asserting retaliation.

This court reviews *de novo* a district court's dismissal for lack of subject matter jurisdiction. *See Green v. Ameritech Corp.*, 200 F.3d 967, 972 (6th Cir.2000). The district court's dismissal under Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted is also reviewed *de novo*. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999). In ruling on a motion to dismiss for failure to state a claim, " '[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true.' " *Id.* (quoting *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998)). "A court is not required, however, to accept a plaintiff's summary allegations or unwarranted legal conclusions in ruling on a motion to dismiss." *Id.*

Upon review, we affirm the district court's judgment for the reasons stated therein. We further note that, contrary to Sabouri's assertion on appeal, the district court did *not* analyze his contractual claim after finding that it lacked jurisdiction over that claim; instead, the court analyzed only the civil rights claims over which it did have jurisdiction.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.