**Oscar ALBORES, et al., Plaintiffs–Appellants,**

v.

**CARGILL, INC., Defendant–Appellee.**

No. 00–4480.

United States Court of Appeals, Sixth Circuit.

Jan. 7, 2003.

Before BOGGS, SILER, and MOORE, Circuit Judges.

SILER, Circuit Judge.

Plaintiffs, former employees at a salt mining facility owned by Akzo Nobel Salt, Inc. ("Akzo"), sought to recover severance benefits under the terms of the collective bargaining agreement ("CBA") between Akzo and the plaintiffs' union, following the sale of the mine to Cargill, Inc. ("Cargill").  An arbitrator determined that they were not entitled to benefits because, following their termination of employment with Akzo, they were subsequently rehired to work at the mine by Cargill.  The plaintiffs, who sought to vacate the arbitrator's decision in the federal district court below,

appeal the court's grant of summary judgment to Cargill. Cargill asserts that this court lacks subject matter jurisdiction over this appeal, and, in the alternative, that the arbitrator's decision draws its essence from the contract and must be upheld. For the following reasons, we affirm the ruling of the district court.

## BACKGROUND

The sixty-two plaintiffs in this action are individual members of the International Brotherhood of Teamsters, Local No. 436 (the "Union"). The Union and Akzo negotiated the CBA, which was to be in force from March 20, 1994, through December 19, 1997, and which governed the terms and conditions of employment with Akzo. On December 11, 1996, Akzo entered into a purchase agreement with Cargill to transfer ownership of certain assets, including the mine. Under that agreement, Cargill did not assume responsibility for the CBA. It did, however, assume responsibility for defense of the instant matter in arbitration. The Union was notified of the agreement on April 2, 1997, and the sale became effective on April 26, 1997. The Union was informed that Cargill would not assume Akzo's responsibilities under the CBA and that none of Akzo's employees would be guaranteed employment with Cargill after the mine was sold. Following the transfer of the mine, all 210 hourly employees were terminated from their employment with Akzo; 206 of these applied for employment at the mine with Cargill, and 170 were offered jobs. The current plaintiffs are among the 148 former employees who accepted Cargill's offer and passed the necessary physical examination and drug test required for employment.

These employees filed suit in federal district court, seeking to vacate the arbitrator's determination that they were not entitled to severance pay under the CBA. Cargill moved to dismiss the action for lack of jurisdiction, arguing that it was not a party to the CBA, so that neither the Federal Arbitration Act nor the Labor Management Relations Act conferred jurisdiction over the dispute. While the district court initially granted Cargill's motion, upon reconsideration, it withdrew its previous order and reinstated the suit. The court eventually granted Cargill summary judgment, affirming the arbitrator's construction of the CBA. This timely appeal followed.

## STANDARD OF REVIEW

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R.Civ.P. 12(h)(3). This court reviews *de novo* questions of subject matter jurisdiction, *Green v. Ameritech Corp.*, 200 F.3d 967, 972 (6th Cir.2000), as well as any grant of summary judgment. *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 213 (6th Cir.1996).

## DISCUSSION

Because this court lacks subject matter jurisdiction over the instant dispute, we must affirm the judgment entered in favor of Cargill. Cargill expressly declined to assume the CBA in the purchase agreement with Akzo. Its participation in the arbitration relevant to this case followed another arbitration between Akzo and Cargill, in which it was determined that Cargill was responsible for defending the subsequent arbitration of the severance pay issue. Its duty to indemnify Akzo for severance payments to former employees was also established in the previous arbitration. Cargill's status as an indemnitor, however, does not render it a party to the CBA. Accordingly, there is no jurisdiction pursuant to either § 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), or the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* "We may affirm a district court's judgment for

reasons other than those stated by the lower court." *Apple v. Glenn,* 183 F.3d 477, 479–80 (6th Cir.1999).

AFFIRMED.

KAREN NELSON MOORE, Circuit Judge, concurring in the result.

MOORE, Circuit Judge.

I believe that the district court properly found that Cargill's conduct in assuming defense of the severance pay dispute under the purchase agreement was sufficient to confer jurisdiction over disputes relating to the obligations that it did assume. I also would affirm the district court's judgment for the defendant because the arbitrator's interpretation of the severance provision was not in conflict with the plain language of the collective bargaining agreement. For these reasons, I concur in the result of the majority opinion.