# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2441
_____

Great American Insurance Company

*Plaintiff - Appellee*

v.

Jonathan L. Russell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: November 13, 2018
Filed: January 31, 2019

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

KELLY, Circuit Judge.

Jonathan Russell appeals the district court's vacatur of the arbitration award he received against his insurer, Great American Insurance Company, for wrongfully denying his claim for damage to his 2013 corn crop. Because the arbitrators rendered a sufficiently mutual, final, and definite award, vacatur was improper. We accordingly vacate the district court's judgment and remand for further proceedings.

# I

Russell submitted claims to Great American for damage to his 2013 corn and soybean crops in Atchison, Holt, and Nodaway counties in Missouri. Russell's crop insurance policy is governed by federal regulations; 7 C.F.R. §§ 457.8 and 457.113 (2013) form the policy's essential terms. After Great American denied his claims, Russell invoked the arbitration provision in § 457.8 ¶ 20. Although the regulations impose certain limitations on the powers of arbitrators assessing federally-reinsured crop insurance claims like Russell's, arbitral awards are still governed by the Federal Arbitration Act. See, e.g., J.O.C. Farms, L.L.C. v. Fireman's Fund Ins. Co., 737 F. App'x 652, 655 (4th Cir. 2018) (per curiam); Davis v. Producers Agric. Ins. Co., 762 F.3d 1276, 1283–85 (11th Cir. 2014).

Following an evidentiary hearing, the three-arbitrator panel awarded Russell $1,433,008 for damage to his corn crop in the three counties but denied his soybean claim. The panel found that Great American's denial of Russell's corn claim—based on (1) Great American's inability to substantiate an insurable cause of loss and (2) Russell's failure to provide adequate records to establish production "by unit"—was erroneous. After reviewing the evidence, the panel concluded that Russell's accounts of insurable crop damage were independently verified but that Great American had failed to conduct a timely on-site inspection until after harvest was completed. The arbitrators credited testimony of witnesses that the crops in question experienced significant damage from drought, rootworm, and heavy winds. As to the second ground for denial, the panel noted that Great American had "collaps[ed] all acres farmed by Russell into a single unit pursuant to policy provisions." The panel accepted the analysis of Russell's damages expert, who calculated the total damage to the corn crop as $1,433,008. Great American did not challenge this calculation or offer a different calculation.

On May 25, 2016, Great American moved to vacate or modify the award. The panel denied the motion as untimely because the award issued on February 23, 2016, and the arbitration association's rules require that any motion to correct computational errors be filed within 20 days of the award. Great American then appealed the award under 9 U.S.C. § 10(a)(4), which permits a district court to vacate an arbitration award if "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

Great American argued that the arbitrators "imperfectly executed" their powers because they failed to comply with the regulations governing the arbitration proceeding. The applicable regulations required the panel to provide "a written statement describing the issues in dispute, the factual findings, the determinations and the amount and basis for any award and breakdown by claim for any award." 7 C.F.R. § 457.8 ¶ 20(a)(2). "Failure of the arbitrator to provide such written statement will result in the nullification of all determinations of the arbitrator." Id. Great American posited that the panel (1) did not break down the award by county, which was required by the "breakdown by claim" language; (2) did not explain how the award amount was calculated; and (3) made impermissible interpretations of applicable regulations.

The district court agreed that the panel had failed to properly break down the award "by claim," nullifying the entire award. The court based its decision on § 457.113 ¶ 11(a), which states in part that the insurer "will determine [the insured's] loss on a unit basis," and on § 457.8 ¶ 1, which defines an enterprise unit as "[a]ll insurable acreage of the same insured crop . . . in the county in which you have a share on the date coverage begins for the crop year." Relying on this language, the district court concluded that the arbitration panel was required to break down the award into separate awards for each of the three counties to provide the required "breakdown by claim." It vacated the award and did not address Great American's

argument that the panel made improper interpretations of the regulations. Because the district court's order deals entirely with questions of law, we review it de novo. MidAmerican Energy Co. v. Int'l Bhd. of Elec. Workers Local 499, 345 F.3d 616, 619 (8th Cir. 2003).

II

The Federal Arbitration Act "is a congressional declaration of a liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). Accordingly, a court's review of an arbitration award is "very limited." Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC, 319 F.3d 1060, 1064 (8th Cir. 2003). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987).

We are not convinced that the arbitration panel's failure to break down the award by county means that it "so imperfectly executed" its powers such that it rendered no "mutual, final, and definite award." 9 U.S.C. § 10(a)(4). The award needed only to "describ[e] the issues in dispute, the factual findings, the determinations and the amount and basis for any award and breakdown by claim for any award." 7 C.F.R. § 457.8 ¶ 20(a)(2). "Claim for indemnity" is defined as "[a] claim made on [the insurer's] form that contains the information necessary to pay the indemnity." Id. ¶ 1. Russell submitted a single claim covering both his corn and soybean crops, and Great American assigned it a single claim number. Nothing in the regulations required the panel to segregate this claim into multiple separate claims.

Great American correctly notes that applicable regulations require the *insurer* to "determine [the] loss on a unit basis," § 457.113 ¶ 11(a), and units cannot cover

more than one county, § 457.8 ¶ 1 (defining "enterprise unit"). But the *arbitration panel* was obligated to break down its award only by claim, not by unit, and Great American points to no regulation equating claims and units. Moreover, the arbitration panel concluded that Great American had "collaps[ed] all acres farmed by Russell into a single unit pursuant to policy provisions." There appears to be no reason why the arbitration panel could not accept Great American's decision to treat Russell's claim as singular when rendering its decision. Indeed, it appears that Great American raised no objection to this approach until its untimely motion to vacate or modify the award.

Although few cases analyze the applicable crop insurance regulations in depth, those that do support the panel's approach. In one case, the arbitrator combined its analysis for twenty-three farming units into three groups, and denied the claims for each group on different grounds. See Farm Mgmt. Co. v. Rural Cmty. Ins. Agency, No. 14-CV-5024-EFS, 2015 WL 1809789, at *2 (E.D. Wash. Apr. 21, 2015). The reviewing court found no error with this approach, even though the arbitrator did not break down its analysis unit-by-unit. See id. at *6.

We also find that the panel's written explanation for the award amount was adequate. Although the panel simply adopted the calculation of Russell's expert, Great American failed to contest this calculation or provide its own alternative at the evidentiary hearing. Other courts have affirmed arbitral awards issued under the same regulations even though the arbitrator did not provide any calculations supporting its award amount. See, e.g., Great Am. Ins. Co. v. Doan, No. 5:11-CV-342-OC-34PRL, 2012 WL 13098715, at *13–14 (M.D. Fla. Sept. 25, 2012); Garnett v. NAU Country Ins. Co., No. 5:09-CV-00144-R, 2009 WL 3644762, at *3 (W.D. Ky. Oct. 27, 2009). There is no requirement that the arbitrator's decision be particularly detailed; so long as it adequately explains the disposition of each claim at issue, it should be upheld. See Green v. Ameritech Corp., 200 F.3d 967, 976 (6th Cir. 2000).

Accordingly, the district court's decision vacating the arbitration award is vacated. The case is remanded for further consideration of Great American's alternative argument that the arbitration panel's decision rests on improper interpretations of the applicable regulations, which the district court did not address in the first instance.

_____