Order and judgment (one paper), Supreme Court, New York County (O. Peter Sherwood, J.), entered November 26, 2012, which granted the application by petitioner Tullett Prebon Information, Ltd. (Tullett) to confirm an arbitration award and denied the cross motion of respondents BGCantor Market Data, L.E, Cantor Fitzgerald & Co., and Cantor Fitzgerald Securities (collectively Cantor) to vacate or modify the award, unanimously affirmed, with costs.
Cantor brought the arbitration under a 2002 agreement between itself and Tullett, its then largest competitor in the interdealer brokerage industry. The agreement provided for the packaging of Tullett’s swaps data with Cantor’s proprietary U.S. Treasury data into a joint product known as SwapMarker 100. It was Tullett’s duty under the agreement to redistribute the product to third-party customers after having been provided with Cantor’s Treasury data. Section 3.2 of the agreement prohibited Tullett from using Cantor’s proprietary data in any way that was competitive with its brokerage or data sales business. Section 3.2 provided that any use by Tullett of Cantor’s proprietary data in violation of the agreement would constitute wrongful appropriation. Section 3.2 further provided that, in addition to any other available remedies, Tullett would be required to pay Cantor $4,500 per day for each broker who received the information in violation of the agreement. Section 3.2 also provided that this wrongful appropriation fee, which the parties later reduced to $500 per broker per day, would not constitute liquidated damages. The agreement’s arbitration clause required the prevailing party’s recovery of reasonable attorneys’ fees and other costs as part of the arbitral award.
Cantor alleged in its statement of claim that Tullett violated section 3.2 by distributing and permitting access to SwapMarker 100 in violation of the agreement. The relief Cantor requested included the contractual wrongful appropriation fee as well as attorneys’ fees. Following a hearing, the arbitrator awarded Cantor $789,998 in damages and denied its application for reasonable attorneys’ fees. In rendering the award, the arbitrator *481 found the $500 per broker per day wrongful appropriation fee to be an unenforceable penalty. The arbitrator found that there was no reasonable relationship between the fee and Cantor’s probable loss based on evidence that when the agreement was terminated, Cantor was willing to continue leasing its proprietary data to Tullett for the equivalent of $17 to $20 per broker per day. The arbitrator further declined to award attorneys’ fees after determining that Cantor could not be deemed the prevailing party. For reasons that are also set forth below, we are not persuaded by Cantor’s arguments that the arbitrator manifestly disregarded the law and exceeded his authority.
As set forth above, section 3.2 precluded the arbitrator from treating the wrongful appropriation fee as liquidated damages. The arbitrator therefore rightly concluded that the fee could only be regarded as either a penalty or compensatory damages. Under New York law, which the arbitrator was required to apply, “breach of contract damages are intended to place a party in the same position as he or she would have been in if the contract had not been breached” (Wenger v Alidad, 265 AD2d 322, 323 [2d Dept 1999], lv denied 94 NY2d 758 [2000]). Evidence before the arbitrator established that the $500 per broker per day fee was at least 32 times the price Cantor charged Tullett for access to the same proprietary data. Therefore, there was ample support for the arbitrator’s conclusion that the wrongful appropriation fee did not constitute compensatory damages as there was no reasonable relationship between the fee and Cantor’s probable loss. On the contrary, the record established that the wrongful appropriation fee was an unenforceable penalty insofar as it required, “in the event of contractual breach, the payment of a sum of money grossly disproportionate to the amount of actual damages” (see Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 424 [1977]). There is merit to the argument that the arbitrator erroneously assigned the burden of proof to Cantor on the issue of whether the $500 per broker per day was a penalty. On this record, however, there was no manifest disregard of the law that would warrant a vacatur of the award. The arbitrator’s conclusion that the wrongful appropriation fee was a penalty was inescapable in light of the express provision that it did not represent liquidated damages and the evidence of the fees Cantor actually charged for leasing the subject data. Under the Federal Arbitration Act (9 USC § 1 et seq. [FAA]), an arbitration award will be confirmed if a justifiable ground for the decision can be inferred from the facts of the case even where the explanation for the award is deficient or nonexistent (see Duferco Intl. Steel Trading v T. Klaveness Shipping A/S, 333 F3d 383, 390 [2d Cir *482 2003]). Therefore, a justifiable ground exists for the arbitrator’s finding in this regard.
We are also unpersuaded by Cantor’s argument that the arbitrator exceeded his authority in determining that Cantor was not the prevailing party and, therefore, not entitled to an award of attorneys’ fees and costs under the agreement. Cantor bases its argument on the premise that “[t]he issue of which party ‘prevailed’ under the [agreement] was not before the Arbitrator as Tullett stipulated and admitted that [Cantor] was ‘the prevailing party entitled to reasonable attorneys’ fees.’ ” Cantor’s underlying premise is flawed because there was no stipulation as to which party was the prevailing party. Rather, Tullett’s counsel merely declared in his opening statement that Cantor “will be a prevailing party.” To be sure, the prevailing party issue was before the arbitrator insofar as Cantor’s statement of claim, which was never amended, called for an award of attorneys’ fees on the basis of that claimed status. This Court has held that issue of who is a prevailing party is largely a factual determination (see Matter of McAllister v Dowling, 221 AD2d 443 [2d Dept 1995]). A factual assertion made by an attorney during an opening statement is a judicial admission (see Kosturek v Kosturek, 107 AD3d 762 [2d Dept 2013]). A judicial admission is not itself dispositive but merely evidence of the fact admitted (see Bogoni v Friedlander, 197 AD2d 281, 291-292 [1st Dept 1994], lv denied 84 NY2d 803 [1994]).* Therefore, the arbitrator’s findings regarding entitlement to attorneys’ fees were evidentiary in nature and within the arbitrator’s authority (see Matter of R.C. Layne Constr. [Stratton Oakmont], 228 AD2d 45, 51 [1st Dept 1996]). Any error made with respect to such findings was legal in nature. It is settled that arbitration awards should not be vacated by reason of such errors of law and fact (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], cert dismissed 548 US 940 [2006]). This is in keeping with the rule that “[arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation” (Folkways Music Publs., Inc. v Weiss, 989 F2d 108, 111 [2d Cir 1993] [citation omitted]). Under the FAA, an arbitration award may be vacated “where the arbitrators exceeded their powers” (9 USC § 10 [a] [4]). “It is only when [an] arbitrator strays from interpretation and ap *483 plication of the agreement and effectively dispenséis] his [or her] own brand of . . . justice” that an arbitration decision may be vacated on this ground (see Stolt-Nielsen S.A. v AnimalFeeds Intl. Corp., 559 US 662, 671 [2010] [internal quotation marks and citations omitted]). That, however, is not Cantor’s argument. Instead it posits that the arbitrator was empowered to find in favor of Cantor but not in favor of Tullett on the issue of entitlement to attorneys’ fees. This argument does not withstand scrutiny for the reasons stated above.
We also reject Cantor’s argument that the arbitrator exceeded his authority by failing to state a reason for his denial of Cantor’s claim for punitive damages. Ordinarily, an arbitrator has no obligation to give a reason for an award (Steelworkers v Enterprise Wheel & Car Corp., 363 US 593, 598 [I960]). In this case, the agreement required the arbitrator to render a “decision issued in writing, with reasons therefore.” In this case, we find the 11-page award which set forth facts, reasoning and a statement that all other claims not specifically addressed therein were deemed denied sufficient under the agreement (see generally Green v Ameritech Corp., 200 F3d 967, 975-976 [6th Cir 2000]). We have considered Cantor’s remaining arguments and find them unavailing. Concur — Tom, J.E, Andrias, Renwick and DeGrasse, JJ.

 A stipulation, on the other hand, is “[a] voluntary agreement between opposing parties concerning some relevant point” (Black’s Law Dictionary 1550 [9th ed 2009]). Cantor’s brief conflates the two by referring to the opening statement as “Tullett’s admission and agreement.”