**WESTERN EMPLOYERS INS. CO., Plaintiff–Appellant,**

v.

**JEFFERIES & CO., INC., & Warren Nadel, Defendants–Appellees.**

No. 90–56063.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1991.

Decided March 2, 1992.

As Amended March 11, 1992.

Lloyd P. Derby, Judith K. Otamura–Kester, Morgan, Lewis & Bockius, Los Angeles, Cal., for defendant-appellee Jefferies & Co., Inc.

Peter J. Schmerge, Eaton & Van Winkle, New York City, for defendant-appellee Warren Nadel.

Charles J. Hecht, Jeffrey M. Haber, Charles J. Hecht, P.C., New York City, for plaintiff-appellant.

Before FLETCHER, D.W. NELSON and BRUNETTI, Circuit Judges.

D.W. NELSON, Circuit Judge:

## OVERVIEW

Western Employers Insurance Company (Western) appeals from the district court's denial of Western's motion to vacate an arbitration award pursuant to the Federal Arbitration Act, as well as from the court's determination that the arbitration agreement contained within Western's contract with Jefferies and Company, Inc. ("Jefferies")[1] had not been breached. Western challenges the award on the ground that the arbitrators failed to make findings of fact and conclusions of law as required by the agreement. We reverse. Because Western has been forced to arbitrate according to terms for which it did not bargain, we find that the arbitrators exceeded their powers under 9 U.S.C. § 10(d) and order the district court to vacate the arbitration award.

## FACTS

In December 1986, Western executed a Limited Trading Authorization (LTA) authorizing Jefferies to invest up to $20,000,000 on Western's behalf in a program devised and marketed by Jefferies. The LTA included a standard agreement to arbitrate any disputes under the rules of the National Association of Securities Dealers (NASD). At Western's request, the parties altered the agreement to require arbitrators to accompany any award with a statement of their findings of fact and conclusions of law.

In June 1988, Western filed a claim against Jefferies with the NASD. Western also executed a standard Uniform Submission Agreement stating that it submitted its dispute for arbitration according to NASD's "Constitution, By–Laws, Rules, Regulations and/or Code of Arbitration." The NASD constituted a three-member panel of arbitrators to hear the dispute.

---

**1.** Jefferies acted through its representative Warren Nadel, also a named defendant in this action.

In the course of six days of hearings, Western requested findings of facts and conclusions of law several times. Near the conclusion of the fourth day, in response to one such request, Jefferies' counsel advised the panel that Western could use such findings for collateral estoppel purposes in a related class action pending against Jefferies elsewhere. Western's counsel responded that the contract required the panel to make such findings. The Chairman of the panel responded that the panel was not bound by an agreement between Jefferies and Western. Jefferies' counsel also advised the panel that based on his past experience as counsel to the NASD, he thought the panel should consult with the NASD before setting a precedent of binding arbitrators to parties' contracts. On the final day of arbitration, Western's counsel raised the issue again. He stated that he had presented his case before the arbitration panel on the assumption that the panel would be making findings of fact and conclusions of law. Nevertheless, the Chairman of the panel stated that the panel was inclined to agree with Jefferies' counsel and not make the findings. He indicated that the panel would seek the advice of the NASD before making a final decision.

On December 12, 1989, the arbitrators rendered an award in favor of Jefferies on all disputed issues. The panel did not include any findings of fact and conclusions of law in its award.

Under the Federal Arbitration Act, Western had three months after the arbitrators made the award to file notice of a motion to vacate the award. On January 6, 1990, Western filed a "Petition to Vacate the Award" with the district court. On April 25, 1990, Western filed a "Motion for Summary Judgment to Vacate the Arbitration Award." Shortly thereafter, the district court entered an order dismissing Western's motions. Although the district court construed Western's April 25, 1990, summary judgment motion as a motion to vacate within the meaning of 9 U.S.C. § 12, it found that motion time-barred because it fell outside of the three-month period. The district court also found that Western's January 6, 1990, "Petition to Vacate" was not a motion to vacate under 9 U.S.C. § 12. The court also held that even if timely, Western's motion failed on the merits: the court considered the deficiency in the award merely one of "form" and suggested that the only relief to which Western would have been entitled was a modification of the award under 9 U.S.C. § 11(c).

Western filed this timely appeal. Jefferies cross-claims for attorney's fees under 28 U.S.C. § 1912 and Fed.R.App.P. 38.

## DISCUSSION

The court below did not expressly consider Western's basic contractual right to arbitrate according to the specific terms contained in its arbitration agreement. The court focussed instead on the timeliness of Western's requests to vacate the arbitration award and on what it identified as a dispute over the form—not the substance—of the arbitration award. As Western raised its contractual argument in both of its motions before the district court, we are free to consider this question.

We find that Western's motion to vacate was timely. We also believe that the circumstances underlying the dispute between Western and Jefferies implicate traditional principles of contract law, which are recognized in the Federal Arbitration Act. Under these traditional principles, Western had a right to receive what it bargained for—arbitration according to the terms of its contract with Jefferies. By failing to abide by the contract from which NASD derived its power to hear the dispute, the arbitrators exceeded their powers under 9 U.S.C. § 10(d) of the Act.

### A. Timeliness of Motion

A party to an arbitration agreement can file a motion to vacate the award if a notice of a motion to vacate is served upon the other party within three months after the award is filed or delivered. See 9 U.S.C. § 12. The district court construed Western's April 25 "summary judgment" motion as a motion to vacate, but found that Western had failed to file a notice of a motion to vacate within the requisite three months.

■ The district court should have construed Western's January 6 "Petition to Vacate" as notice of a motion to vacate within the meaning of 9 U.S.C. § 12. Although the initial petition was not labeled a "motion," we have held in related contexts that "nomenclature is not controlling." *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir.1976). We consider more important the facts that the petition met the other requirements of Fed.R.Civ.P. 7(b)(1)—it stated with particularity the grounds for the petition and set forth the relief sought—and that it satisfied the purposes of 9 U.S.C. § 12. There is no question that Jefferies was on notice of Western's intent. In fact, Jefferies filed a motion in opposition to the petition. Under these circumstances, a failure to treat the petition as a timely notice of motion to vacate elevates form over substance.

In sum, we find that Western's two motions—its timely notice of motion to vacate and its motion to vacate—together met the requirements of 9 U.S.C. § 12.

## B. *Arbitrators' Failure to Abide by Terms of Arbitration Agreement*

■ At the outset, it is helpful to identify the injury of which Western complains. According to Western, by not making the findings of fact and conclusions of law, the arbitrators have deprived Western of the higher level of judicial review to which it would have been entitled in the event it contested any arbitral award in court. Western also claims that it might not have executed the contract without the alteration, and that the expectation that such findings would be made influenced the manner in which it presented its case to the arbitration panel. For its part, Jefferies does not explicitly defend the agreement or argue that no breach occurred. It merely points out that the district court rejected Western's argument.

Western's belief that the inclusion of findings of fact and conclusions of law would entitle parties to a higher level of judicial review in the event they contest an arbitral award is erroneous. As this circuit has made clear, absent a "manifest disregard" for the law, courts will not heighten their otherwise deferential review of arbitral awards even where the arbitrators misapplied the law. *Local Joint Executive Bd. v. Riverboat Casino, Inc.*, 817 F.2d 524 (9th Cir.1987). The fact that a court has access to detailed findings of fact and conclusions of law does not alter this deferential review.

■ Western does, however, have a right to arbitration according to the terms for which it contracted. The Federal Arbitration Act "requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Volt Info. Sciences v. Leland Stanford Jr. Univ.*, 489 U.S. 468, 478, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488 (1989). Parties cannot be compelled to arbitrate unless they have agreed to do so. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985); *see also Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985) (parties may exclude selected issues from the scope of arbitration once they do agree to arbitrate). Presumably, had Western discovered on the first day of the hearings that the arbitrators would not make the requested findings and consequently refused to submit to arbitration, a court could not have compelled it to submit to arbitration. If a court would not hold Western to its agreement to arbitrate before the hearings took place, we do not see how the difference in timing can justify a different result today. Moreover, we note that nothing in the NASD rules *forbade* the arbitrators from abiding by the parties' agreement. If in fact making such findings was against NASD policy, the NASD was free at the outset to refuse to arbitrate the dispute.

Contrary to Jefferies' arguments, then, whether or not Western erred in thinking that the findings of fact and conclusions of law would entitle it to a higher standard of judicial review is beside the point. Jefferies has not indicated why, under simple principles of contract law, Western should

be held to the terms of a contract for which it did not bargain.

■ By failing to provide Western with findings of fact and conclusions of law, the NASD panel clearly failed to arbitrate the dispute according to the terms of the arbitration agreement. In so doing, the panel exceeded its authority under 9 U.S.C. § 10(d). We recognize that we have traditionally vacated arbitration awards under this provision in cases where the arbitrators somehow alter the *parties'* contractual obligations, *see Coast Trading Co., Inc. v. Pacific Molasses Co.*, 681 F.2d 1195 (9th Cir.1982), and that Jefferies has fulfilled all of its obligations to Western. However, arbitrators can also "exceed their powers" under 9 U.S.C. § 10(d) when they fail to meet *their* obligations, as specified in a given contract, to the parties. *See Western Canada S.S. Co. v. Cia. De Nav. San Leonardo*, 105 F.Supp. 452 (S.D.N.Y. 1952) (vacating award where two arbitrators making award failed to appoint a third arbitrator as specified in the contract.) We therefore vacate the award.[2]

## CONCLUSION

In sum, because Western has not gotten the findings of fact and conclusions of law for which it contracted, we REMAND the case to the district court with orders to VACATE the arbitration award. Jefferies' cross-claim for attorney's fees is denied.

---

**2.** Western argues further that the blame for the breach of contract should be placed upon Jefferies. Although Jefferies' conduct during the arbitration hearings was certainly self-serving, Jefferies was not contractually bound to make findings of fact and conclusions of law. Therefore, we agree with the district court that Western has failed to state a claim for breach of contract.