**NEW ELLIOTT CORPORATION,**
Petitioner,

v.

**MAN GUTEHOFFNUNGSHÜTTE AG, Respondent.**

**No. 97 Civ. 1707 (JSR).**

United States District Court,
S.D. New York.

July 15, 1997.

**14**

Nancy Prahofer, New York City, for Petitioner.

Michael G. Davies, Coudert Bros., New York City, for Respondent.

### MEMORANDUM ORDER

RAKOFF, District Judge.

While parties may contract for an arbitrator to decide their disputes without requiring him to give any reasons for his decisions, the instant controversy requires the Court to determine what is required when the contract instead calls for the arbitrator to provide written findings of fact and conclusions of law.

Specifically, the parties here, who were part of an international joint venture, were among the signatories to a Shareholders' Agreement dated December 13, 1989, that provided that disputes that might arise relating to that Agreement would be settled in New York City by a panel of three arbitrators, who would make written "findings of fact and conclusions of law." *See* Prahofer Affirmation Ex. A at Art. 8.11. In December, 1994, petitioner New Elliott Corporation initiated such arbitration proceedings against respondent MAN Gutehoffnungshütte AG ("MAN GHH"). A panel of three arbitrators

was duly appointed, and subsequently held two sets of hearings. Phase I dealt with the validity of the Agreement under antitrust laws of the European Union and the United States. Phase II was chiefly addressed to New Elliott's claim that MAN GHH materially breached the Agreement through the wrongful conduct of its designated directors.

In April 1996, after three weeks of hearings and review of documentary evidence, the arbitrators concluded they had no jurisdiction to decide the Phase I antitrust issue. In December, 1996, after another week of hearings,[1] the arbitrators found in favor of Respondent MAN GHH, and awarded both legal and accounting fees. On December 18, 1996, New Elliott moved for reconsideration. Although one of the original three arbitrators died before the motion could be decided, the remaining two arbitrators issued a decision denying petitioner's motion to reconsider on January 24, 1997.

On March 11, 1997, New Elliott Corporation filed a petition under 9 U.S.C. §§ 9 & 12 to vacate the arbitration award as it relates to Phase II. Shortly thereafter, petitioner filed a motion for summary judgment, and respondent filed a cross-motion to affirm the arbitration award, or, in the alternative, to reinstate certain cross-claims in the arbitration. Oral argument on these various motions was held on May 13, 1997.

■ Petitioner first argues that the arbitrators exceeded their authority under the Agreement, in that the final decision on Phase II was rendered by two arbitrators, whereas Article 8.11 of the Agreement provides that: "Such arbitration shall be held ... in accordance with the rules and regulations of the American Arbitration Association by a panel of three (3) arbitrators." But one of the rules and regulations of the American Arbitration Association, Rule 20, provides that in the circumstance here presented, the remaining arbitrators may "continue with the hearing and determination of the controversy, unless the parties agree otherwise." In the absence of a more definite statement of intent to override Rule 20, the Court finds

---

1. Phase II evidentiary hearings were significantly shorter than Phase I because the arbitrators permitted the incorporation by reference of Phase I evidence into Phase II proceedings.

that the rendering of a decision by the remaining two arbitrators complies with Article 8.11 of the Agreement.

Petitioner's other argument has more merit. Article 8.11 of the Agreement provides that "the award of the arbitrators shall be issued in accordance with a dated, written opinion, which shall set forth the tribunal's findings of fact and conclusions of law." Petitioner claims that the arbitrators' barebones decision failed to satisfy this requirement under any reasonable interpretation of the terms "findings of fact and conclusions of law."

■ The Court concurs. "Findings of fact" and "conclusions of law" are familiar terms in legal parlance with reasonably plain meanings. *See, e.g.,* Fed.R.Civ.P. 52 (requiring that a federal court, at the conclusion of bench trial, "shall find the facts specially and state separately its conclusions of law thereon"); § 557(c) of the Administrative Procedure Act. 5 U.S.C. § 500 *et seq.* (requiring specific findings of fact and conclusions of law in agency decisions). Under all such rules, the touchstone is simply whether enough facts are found and enough legal principles stated so that a reviewing tribunal can ascertain the reasons for the ultimate determination. *See Reich v. Newspapers of New England,* 44 F.3d 1060, 1079 (1st Cir. 1995); *Armstrong v. Commodity Futures Trading Commission,* 12 F.3d 401, 403 (3d Cir.1993).

■ In this case the arbitrators' "findings of fact" and "conclusions of law" bearing on the implicated and technical issues before the panel were largely conclusory and unparticularized. Although the decision did reference a few facts of record, notably in regard to the "Russia Claim," most of the claims, such as those relating to La Spezia, TSI, ABB Finance Coercion, and Management Coercion, were decided without explicit reference either to facts or to law. As a result, there is no way a reasonable reviewing Court can with any confidence ascertain the reasons for the arbitrators' decisions.

■ In reaching this conclusion, the Court is mindful of the great deference it must accord the decisions of independent arbitra-

tors. *See Carte Blanche (Singapore) Pte. v. Carte Blanche Int'l,* 888 F.2d 260, 265 (2d Cir.1989) (citing *Merrill Lynch v. Bobker,* 808 F.2d 930 (2d Cir.1986)). Had the Agreement not provided (somewhat unusually) for written findings of fact and conclusions of law, the Court would be hard-pressed to conclude that the panel's ultimate determinations were erroneous. But the provision must be given some genuine meaning or else the contracting parties are deprived of the benefit of the bargain. *See Western Employers Ins. Co. v. Jefferies & Co.,* 958 F.2d 258, 262 (9th Cir.1992).

Accordingly, petitioner's motion is granted, to the extent that the case is remanded to the remaining two arbitrators so that they may provide adequate "findings of fact" and "conclusions of law" in relation to the challenged (Phase II) determination. Respondent's cross-motion is denied. Clerk to enter judgment in accordance with this opinion.

SO ORDERED.