**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OMNICARE, INC., | No. 09-55142 |
| Plaintiff - Appellant, | D.C. No. 8:08-cv-01254-CJC-MLG |
| v. | |
| RXSOLUTIONS, INC., DBA Perscription Solutions, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 5, 2010
Pasadena, California

Before:  GOULD, IKUTA and N.R. SMITH, Circuit Judges.

Omnicare, Inc., appeals the district court's denial of its motion to vacate a

portion of the arbitration award issued during a contract dispute between Omnicare

and RxSolutions, Inc.  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Omnicare contends that the district court should have vacated the arbitration award under 9 U.S.C. § 10(a)(4) because the arbitrator exceeded his powers in three ways.[1]  We address these in turn.

First, Omnicare argues that the arbitrator exceeded his powers because the form of the award did not comply with the requirements in the arbitration clause of the parties' contract.  The arbitration clause required the arbitrator to "prepare in writing and provide to the Parties an award including factual findings and the legal reasons on which the award is based."  Our review of the award leads us to conclude that its form complied with the terms of parties' contract.  The arbitrator made factual findings and stated the legal reasons—most importantly that RxSolutions did not breach the contract—for declining to award damages to Omnicare on its co-pay claims.  Contrary to Omnicare's argument, nothing in the parties' contract required separate "findings of fact" or "conclusions of law" sections, so this case does not implicate *Western Employers Ins. Co. v. Jefferies & Co., Inc.*, 958 F.2d 258 (9th Cir. 1992).  The district court correctly declined to

---

[1]     The parties are familiar with the Medicare Part D program, the Centers for Medicare & Medicaid Services regulatory framework, and the factual and procedural history of this case.  We do not engage in a detailed discussion of those background facts here.

2

vacate the award for noncompliance with the form requirements in the parties' contract.

Second, Omnicare argues that the district court should have vacated the arbitration award as "completely irrational" because the award "fail[ed] to draw its essence from [the parties'] agreement." *See Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (citations omitted). This is a highly deferential standard, and vacatur is appropriate only where "there is no basis in the record for the arbitrator's decision." *Id.* at 1289. Our review of the arbitration award, which resolved the parties' contract dispute, reveals that the arbitrator addressed the disputed contract provisions, and that his interpretation was not wholly unreasonable, including his analysis of the "entitled to collect" and "shall be at risk" language in Section 4.4 even if not citing to that section directly. The arbitrator implicitly disagreed with Omnicare's construction of these terms, instead determining that RxSolutions did not breach its duties under the contract or the CMS regulations incorporated by the contract. However, our scope of review on such matters is narrow. "[T]he court must defer to the arbitrator's decision as long as the arbitrator even arguably construed or applied the contract." *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1177 (9th Cir. 2010) (internal quotation marks and alterations omitted). Here, because the arbitrator considered

3

and applied the parties' contract, the resulting award cannot be considered irrational under our precedent, and we cannot substitute Omnicare's preferred construction, or our own, for that of the arbitrator. *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 1003 (9th Cir. 2003) (en banc). The district court did not err in declining to vacate the arbitration award as completely irrational.

Finally, Omnicare argues that vacatur is appropriate because the arbitrator manifestly disregarded the law. "[F]or an arbitrator's award to be in manifest disregard of the law, it must be clear from the record that the arbitrator recognized the applicable law and then ignored it." *Comedy Club*, 553 F.3d at 1290 (internal quotation marks and alterations omitted). We reject Omnicare's "manifest disregard" claim because the arbitrator recognized that the CMS regulations were controlling and then applied them to the contract dispute. The arbitrator discussed, among others, the regulations governing the determination of Part D coverage for individual beneficiaries, the prohibition on collecting co-pays from so-called institutionalized dual eligibles, and the "best available evidence" rule for demonstrating a beneficiary's institutionalized dual eligible status. That the arbitrator did not adopt Omnicare's preferred conclusion after applying the CMS rules to the contract dispute does not mean that the arbitrator disregarded either the

4

CMS rules or the contract provisions. Omnicare has not shown that the arbitrator "understood and correctly stated the law, but proceeded to disregard the same." The district court did not err in denying the motion to vacate the arbitration award. *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007).

**AFFIRMED.**