**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VALVE CORPORATION,<br><br>               Plaintiff-Appellant,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC.,<br><br>               Defendant-Appellee. | No. 09-35800<br><br>D.C. No. CV 09-579-RSL<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Submitted July 16, 2010[**]
Seattle, Washington

Before: GRABER, PAEZ, Circuit Judges, and BURNS,[***] District Judge.

Valve Corporation appeals the district court's judgment declining to vacate an

arbitration award, but directing the arbitrator to decide one disputed issue. We review

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Larry Alan Burns, District Judge for the Southern District of California, sitting by designation.

the district court's decision *de novo*. *United States v. Park Place Assocs*., 563 F.3d 907, 918 (9th Cir. 2009). The facts are well known to the parties, so we recite them only as necessary.

Under the parties' contract, any dispute over royalties was to be arbitrated. Activision disputed almost the entire amount of royalties determined by the KPMG audit and specifically requested an offset for certain returned merchandise. Under the arbitration agreement, this is all that Activision was required to do to present the offset dispute to the arbitrator for resolution.

The arbitrator, however, made an award without deciding the offset issue. Although Activision drew her attention to the issue and asked her to reopen the award to consider it, she declined, concluding that her authority was "limited to the resolution of Disputes agreed upon by the parties . . . ." The arbitrator wrote, "[s]ince there is no agreement that this is an actual Dispute, this issue cannot be arbitrated by me." This was error. The arbitration agreement does not require the parties to agree on whether a matter is in dispute; if a properly noticed matter pertains to amounts owed, it must be arbitrated.

Whether the parties have submitted a particular dispute for arbitration is an issue for judicial determination unless the parties have agreed otherwise. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 82 (2002). The district court held that the amount of royalties was arbitrable, and we agree. Arbitrators can exceed their powers

by failing to arbitrate all matters submitted to them by agreement. *W. Employers Ins. Co. v. Jefferies & Co., Inc.*, 958 F.2d 258, 262 (9th Cir. 1992). That happened here.

We reject Valve's argument that the offset dispute had to be newly audited before it could be arbitrated. The dispute arose only when Activision received the audit's result and saw the auditor's calculations. The arbitrator did not rely on the lack of a second audit in deciding not to arbitrate the offset issue, and the arbitration agreement does not require a second audit before the element of the dispute can be decided by arbitration.

**AFFIRMED.**