**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1268

ADVANTAGE VETERANS SERVICES OF WALTERBORO, LLC,

Plaintiff - Appellant,

v.

UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL, Local 7898,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Margaret B. Seymour, Senior District Judge. (2:20–cv–02214–MBS)

Argued: March 9, 2023                    Decided: June 15, 2023

Before NIEMEYER, QUATTLEBAUM and RUSHING, Circuit Judges.

Reversed by published opinion. Judge Quattlebaum wrote the opinion, in which Judge Niemeyer and Judge Rushing joined.

**ARGUED:** Lewis Traywick Duffie, LITTLER MENDELSON, P.C., Atlanta, Georgia, for Appellant. Keren Wheeler, UNITED STEELWORKERS, Pittsburgh, Pennsylvania, for Appellees. **ON BRIEF:** Aaron I. Saltzman, Atlanta, Georgia, William H. Foster, LITTLER MENDELSON, P.C., for Appellant.

QUATTLEBAUM, Circuit Judge:

The standard of review for arbitration awards is exceedingly narrow, with courts generally deferring to an arbitrator's findings and reasoning. But even under this limited scope of review, an arbitration award must be vacated if it does not draw its essence from the parties' arbitration agreement. This appeal requires us to determine whether an arbitration award failed to draw its essence from the agreement when an arbitrator ignored the parties' agreed upon procedural rules for conducting the arbitration. Under the language of the agreement here, the answer is yes. So, we reverse the district court's order affirming the arbitration award and vacate the underlying award.

I.

In this appeal, Advantage Veterans Services of Walterboro, LLC ("AVSW") and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International, Local 7898 (the "Union") dispute the legitimacy of an arbitration award, which stemmed from the discharge of a union-represented employee. The appeal centers on the provisions of the parties' collective bargaining agreement (the "CBA"). The CBA contains a number of provisions that govern the relationship between AVSW, the Union and the Union's members who work at AVSW. But for our purposes, two articles are most important.

First, Article 14 gives AVSW the right to discipline and fire an employee. Section 2 of Article 14 provides: "AVSW reserves the right to discipline (including disciplinary suspensions), discharge, dismiss or demote an employee for just cause. AVSW will notify

2

a Union Steward prior to suspending or discharging an employee, except in cases requiring the immediate removal of an employee." J.A. 37.

Second, Article 13 establishes a grievance procedure and arbitration requirement. Under that provision, either AVSW or the Union may submit a grievance to arbitration if the grievance is not satisfactorily resolved through the informal grievance procedure. But, in doing so, Article 13 limits the arbitrator's authority in conducting the arbitration. Section 4(e) demands that, in "all discipline cases, the arbitrator shall determine whether AVSW had a reasonable basis for concluding that the employee engaged in the conduct for which he/she is being disciplined." J.A. 36. For simplicity, we refer to this provision as the "reasonable basis determination."

Under the CBA, that reasonable basis determination must be made by the arbitrator for an award to be legitimate. Section 4(d) states that "[t]he decision of the arbitrator shall be final and binding on the Union and AVSW so long as it is in accord with [Article 13 § 4(e)]." J.A. 35. And § 4(e) states that "[i]f the Arbitrator's Award complies with and is not contrary to this Agreement and the limitations imposed by [Article 13 § 4], the Award shall be final and binding on the parties." J.A. 36. Finally, § 4(e) states that "[i]f a court of competent jurisdiction finds that the Arbitrator abused his or her discretion in any way or if the Award is contrary to this Agreement in any way, the Award shall be deemed not to draw its essence from the Agreement and shall be vacated." J.A. 36.

3

II.

Turning now to the procedural history of this case, AVSW challenges an arbitration award in favor of the Union and Sarah Black, a Union-represented employee who worked at a nursing care facility for military veterans operated by AVSW. We need not revisit in detail the circumstances underlying Black's termination, so we describe instead only the relevant procedural history.[1]

AVSW discharged Black after it concluded she violated two policies: one prohibiting "discrimination or harassment or bullying, including inappropriate comments regarding an employee's race, sex, religion, national origin or other protected category," and another prohibiting "[f]alsifying records, including time records, expense claims, patient medical records or engaging in other acts of dishonesty." J.A. 50.

Following Black's termination, the Union filed two grievances complaining that AVSW terminated Black without just cause and without first notifying the Union. After the parties unsuccessfully participated in the CBA's grievance procedure, the grievances were submitted to arbitration.

The arbitrator determined that to resolve the dispute, she needed to decide (1) "[w]hether [Black] was terminated pursuant to the just cause provision of the parties' [CBA] and, if not, what shall be the remedy," and (2) whether there was "a breach of any

---

[1] The factual background underlying Black's termination is laid out in more detail in *Advantage Veterans Servs. of Walterboro, LLC v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l, Loc. 7898*, No. 2:20-CV-2214-MBS, 2022 WL 427363 (D.S.C. Feb. 11, 2022).

4

provision of the [CBA] related to the advance notice requirements of Article 14[.]" J.A. 91. Then, after considering evidence compiled during a one-day hearing, the arbitrator issued an award. Following her understanding of the way other arbitrators had addressed similar disciplinary charges, the arbitrator interpreted the "just cause" standard of Article 14 to require "strong, convincing evidence" of the alleged violation. J.A. 114.[2] She determined that AVSW failed to provide the required strong, convincing evidence that Black violated the policies for which she was dismissed. As such, the arbitrator held that Black was not terminated for just cause and ordered AVSW to reinstate her and issue backpay. She also determined that AVSW violated the provision in Article 14 of the CBA that required AVSW to notify the Union prior to suspending or discharging an employee.

AVSW sued the Union in district court pursuant to § 301 of the Labor Management Relations Act, seeking to vacate the award. Both AVSW and the Union eventually moved for summary judgment. The Union contended that the award was entitled to deference and must be upheld. AVSW argued that the arbitrator did not make the reasonable basis determination required by Article 13 and, as such, the award did not draw its essence from the CBA and must be vacated. The district court disagreed with AVSW and found that the arbitrator applied both a just cause analysis and the required reasonable basis

---

[2] Specifically, the award stated: "Arbitrators often apply a strict standard of proof to evidence of charges where the consequences of finding a violation will most likely result in termination without progressive discipline. This is particularly true in regard to charges involving dishonesty, because sustaining a discharge based upon dishonesty may affect an employee's future career. Therefore, there must be strong, convincing evidence to terminate an employee's job for these charges, especially when the employee has significant job tenure and a clean disciplinary record." J.A. 114.

5

determination. And alternatively, it found that even if the arbitrator failed to apply the reasonable basis determination, doing so would not compel an opposite result. So, according to the district court, it was required to affirm the award. The district court explained that "it is not for the court to find that [the arbitrator's] analysis constitutes the best or most accurate reading of the CBA; it is enough for purposes of this action to find that her analysis reflects a plausible reading of the CBA." J.A. 1175. Based on this reasoning, the district court granted the Union's cross-motion for summary judgment seeking to confirm the arbitration award and denied AVSW's.

AVSW timely appealed.[3]

### III.

A court's review of a labor-arbitration pursuant to a collective bargaining agreement is very limited. *Brown & Pipkins, LLC v. Serv. Emps. Int'l Union*, 846 F.3d 716, 723 (4th Cir. 2017). In fact, the scope of judicial review of arbitration awards in general "is among the narrowest known at law." *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 857 (4th Cir. 2010). In the labor context, courts' deferential standard of review stems from two principles. First is the "decided preference for private settlement of labor disputes without the intervention of government" reflected in federal labor-management relations statutes. *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37–38 (1987) (citing Labor Management Relations (Taft-Hartley) Act § 203(d), 29 U.S.C.

---

[3] We have jurisdiction under 28 U.S.C. § 1291.

§ 173(d)). Second is that, by entering into a collective bargaining agreement, parties have contracted for the arbitrator to act as a factfinder and interpret the meaning of the contract, rather than a judge. *Id.* at 37–38.

For these reasons, courts "do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *Id.* at 38. Instead, courts generally defer to an arbitrator's findings and reasoning. *Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union*, 76 F.3d 606, 608 (4th Cir. 1996). A court must affirm the award so long as the arbitrator "is even arguably construing or applying the contract and acting within the scope of [her] authority . . . [even if the] court is convinced [she] committed serious error." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (internal quotation marks omitted).

Our standard of review nonetheless requires us to ensure that an arbitrator acted consistent with the agreement's contractually defined scope of authority. An award is illegitimate if it "fails to draw its essence" from the agreement. *Champion Int'l Corp. v. United Paperworks Int'l Union, AFL-CIO*, 168 F.3d 725, 729 (4th Cir. 1999). An arbitration award fails to draw its essence from an arbitration agreement when the award "reflects merely the arbitrator's personal notions of right and wrong," *id.*, or "the arbitrator's words manifest an infidelity" to the agreement. *Clinchfield Coal Co. v. Dist. 28, United Mine Workers of Am. & Loc. Union No. 1452*, 720 F.2d 1365, 1368 (4th Cir. 1983).

7

IV.

With that standard of review in mind, we turn to the issues presented by AVSW's appeal. To determine whether the arbitrator's award drew its essence from the CBA, we face two questions. First, did the arbitrator make the required reasonable basis determination? Second, if not, does our standard of review require us to vacate the award?

A.

Beginning with our first question, the arbitrator never explicitly made the required reasonable basis determination. The award's only references to the reasonable basis determination requirement are in listing relevant contractual provisions and summarizing AVSW's position. Besides that, the only other hint that the arbitrator might have actually considered the requirement is the award's description of information that AVSW had when it terminated Black's employment. For example, the award states that, prior to terminating Black's employment, AVSW's administrator was briefed, reviewed all witness statements regarding the event leading to Black's termination and interviewed the two parties directly involved in that incident. Similarly, the award recognizes AVSW's argument that the misconduct was "attested to by numerous other employees." J.A. 111.

To the Union, this is enough. It insists that, by citing the pertinent language in the CBA and describing some of the evidence AVSW had at the time it terminated Black, we should presume that the arbitrator did, in fact, make the required determination. In advancing that argument, the Union points out that arbitrators are generally not required to provide reasoning for their decisions. *Champion Int'l Corp.*, 168 F.3d at 729.

8

The Union is correct that arbitrators are generally not required to provide their substantive reasoning. Nonetheless, "a court reviewing an arbitration award must satisfy itself that the award is grounded in the [CBA]." *Id.* And the question here is whether the arbitrator made the determination explicitly required by the CBA. *Cf. Cannelton Indus., Inc. v. Dist. 17, United Mine Workers of Am.*, 951 F.2d 591, 594 (4th Cir. 1991) ("[I]n some cases reviewing courts must rely on the arbitrator's reasoning to determine whether he was applying contractual terms or 'his own brand of industrial justice' to resolve disputes.").

Nothing in the award indicates the arbitrator made that determination. As explained above, Article 13 § 4(e) required the arbitrator to determine whether AVSW had a reasonable basis for concluding that Black committed the conduct that led to her discharge. The word "had" in the CBA's description of the required reasonable basis determination is important. It signals a backwards-looking analysis. It required the arbitrator to determine whether AVSW had a reasonable basis for its decision at the time it discharged Black. And the arbitrator never did this.

In fact, rather than looking backward to the information AVSW had at the time of its discharge decision, the arbitrator considered the evidence presented at the time of the hearing. The award explains that "[t]his is a case that *must* be decided upon the credibility of the only two witnesses to the critical events leading to [Black's] termination who appeared at arbitration." J.A. 120 (emphasis added). Further, the analysis section of the award concludes that, at the arbitration, AVSW did not present strong, convincing evidence

9

that Black committed the misconduct for which she was discharged. Thus, the arbitrator failed to make the required reasonable basis determination.

## B.

Having concluded that the arbitrator did not make the required reasonable basis determination, we must next decide if that failure, under our standard of review, warrants vacating the award.

The Union says it does not. It contends that we may only vacate the arbitration award (1) if it blatantly ignores the unambiguous language of the CBA and (2) if that unambiguous language were applied, it would compel a result opposite from that reached by the arbitrator. Resp. Br. 16 (citing *Mountaineer Gas Co.,* 76 F.3d at 608; *MCI Constructors, LLC*, 610 F.3d at 861). The Union insists the CBA only requires that the reasonable basis determination be made. According to the Union, an arbitrator that makes the reasonable basis determination in AVSW's favor may still find that AVSW loses. The arbitrator could have, the Union continues, found that AVSW had a reasonable basis for concluding that Black engaged in the conduct for which she was disciplined but still found that AVSW did not present sufficient evidence of misconduct to satisfy the just-cause standard at the arbitration hearing.[4] As a result, the Union contends that the arbitrator could

---

[4] One might argue that the reasonable basis determination also has a substantive component, such that if AVSW had a reasonable basis for discharging Black at the time of the disciplinary action, it wins. While that might seem logical, as already noted, we generally defer to arbitrators' substantive findings and reasoning. For that reason, had the arbitrator made the determination and still found that AVSW failed to present sufficient evidence of misconduct at the hearing, we might be required to defer to such a substantive interpretation. *See Mountaineer Gas Co.*, 76 F.3d at 608 ("[A] reviewing court generally

10

have reached the same conclusion even if she had made the reasonable basis determination. In other words, the Union argues that even if the arbitrator ignored the directive of Article 13 § 4(e), *MCI Constructors* requires us to affirm the district court because applying that directive would not compel an opposite result.

We disagree. *MCI Constructors* addressed substantive standards, not procedural requirements. The contractual language at issue there, which the arbitrator ignored, involved the substantive issues underlying the dispute. It did not provide the procedural rules the parties agreed had to be followed in the arbitration. *MCI Constructors,* 610 F.3d at 859–62. In fact, neither party has pointed us to a previous case in our circuit in which an arbitrator ran afoul of a clear procedural requirement laid out in the parties' arbitration agreement.

But the Ninth Circuit addressed that type of provision in *Western Employers Insurance Co. v. Jeffries & Co., Inc.*, 958 F.2d 258 (9th Cir. 1992). There, the parties' arbitration agreement required arbitrators to include a statement of findings of fact and conclusions of law with any arbitration award, and the award failed to include such a statement. In vacating the arbitration award, the court held that because arbitration is a creature of contract, parties have "a right to arbitration according to the terms for which it contracted." *Id*. at 261.

---

defers to the arbitrator's reasoning."). But we need not decide if the Union is right because, as described above, the CBA required the arbitrator to make the reasonable basis determination.

That makes sense. Our deferential standard for determining whether an arbitrator erred substantively is rooted in the contractual nature of arbitration. If the parties agree to resolve disputes by arbitration, we defer to the determinations made in the process the parties agreed to. Here, however, the CBA limits the arbitrator's power. It requires that the arbitrator make the reasonable basis determination. And it premises the legitimacy of any arbitration award on the arbitrator's complying with that directive. It even provides that any award that is contrary to the CBA in any way—which includes that directive—"shall be deemed not to draw its essence from the [CBA] and shall be vacated." J.A. 36. Given this language, it would be paradoxical to use our highly deferential standard of review, which once again, is rooted in principles of contract, to look past the arbitrator's failure to follow contractually agreed-upon procedural rules for the arbitration.

We cannot ignore such clear and unambiguous procedural requirements. Because the arbitration award failed to make the required reasonable basis determination, it does not "draw its essence" from the CBA. And we must vacate any arbitration award that fails to draw its essence from the parties' arbitration agreement. *Champion Int'l Corp.*, 168 F.3d at 729.

## V.

For the foregoing reasons, we reverse the district court's order granting summary judgment to the Union and denying summary judgment to AVSW. As a result, we vacate the underlying arbitration award.

*REVERSED*

12