Filed 2/18/26  De Bose v. Public Storage CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DA'QUNISHA DE BOSE, | B335002 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV36682) |
| v. | |
| PUBLIC STORAGE, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce G. Iwasaki, Judge.  Affirmed.

Valencia & Cywinska, Mark Joseph Valencia and Izabela Cywinska Valencia for Plaintiff and Appellant.

Seyfarth Shaw, Michele J. Beilke and Julia Y. Trankiem for Defendants and Respondents.

Plaintiff and appellant Da'Qunisha De Bose appeals from a judgment confirming an arbitration order. De Bose contends the trial court erroneously denied her petition to vacate the award on the ground that the arbitrator exceeded her powers by failing to make "essential findings and conclusions" as required by the arbitration agreement and *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 (*Armendariz*). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2019, De Bose filed an action against Public Storage and district manager Robert Arredondo (collectively, defendants). The action asserted claims arising from De Bose's employment and subsequent termination. In her operative pleading, De Bose primarily alleged that customers' hostile conduct—including but not limited to yelling at her, calling her derogatory names and racial slurs, threatening violence, and assaulting her—made her feel unsafe, but defendants took no action when she complained. De Bose also alleged that Arredondo subjected her to unwelcome sexual advances. She asserted causes of action for wrongful termination in violation of public policy; race discrimination, race harassment, sexual harassment, failure to prevent harassment and discrimination, and retaliation under the Fair Employment and Housing Act (Gov. Code, § 12900 et seq.; FEHA); a violation of Labor Code section 1102.5; and negligence.

In 2020, the parties jointly stipulated to submit the matter to arbitration pursuant to an agreement De Bose signed when she was hired. The agreement required the arbitrator to "render a written arbitration decision that reveals the essential findings and conclusions on which the decision is based." Prior to the

2

arbitration, the parties exchanged written discovery and took the depositions of De Bose, Arredondo, and De Bose's witnesses.

In December 2022, the parties participated in an eight-day arbitration. Fifteen fact witnesses, three expert witnesses, and four healthcare providers testified. According to their closing briefs, the parties presented significantly conflicting evidence on each issue.

De Bose's closing brief asserted that she and four other former Public Storage employees testified that Arredondo routinely subjected them to unwanted, sexualized touching and comments. One of the former employees testified that customers called her and De Bose derogatory names like "slut" and "bitch," and Arredondo did nothing about it when the employee complained. De Bose and her witnesses further testified that customers called De Bose and other employees the "N-word" and Arredondo did nothing about it when De Bose and the other employees complained; an employee with supervisory authority, Carmen Hoeman, used the "N-word" in the presence of De Bose and other employees and Arredondo did nothing; Arredondo racially harassed De Bose by saying "she could take care 'of her own' as she is Black"; Public Storage did not respond sufficiently when De Bose was threatened and attacked by customers; and Arredondo terminated De Bose because she resisted his sexual advances and complained about racial harassment.

Defendants' closing brief asserted they presented evidence that Public Storage took measures to enhance security at the site where De Bose worked after a 2017 robbery and De Bose declined time off or medical care after the incident; De Bose reported only a single incident of a customer threatening her and calling her the "N-word," and she told police and Arredondo that the incident

was "no big deal"; De Bose made complaints to human resources, including about her pay, but she never complained about harassment, discrimination, or retaliation by Arredondo, customers, or anyone else; De Bose complained once about Hoeman, but did not complain that Hoeman used the "N-word"; two of De Bose's four witnesses had testified that Arredondo never touched them inappropriately; two of the witnesses described Arredondo engaging in only brief or innocuous physical contact of them and De Bose; and none of the witnesses ever complained about Arredondo or heard him say anything inappropriate to De Bose.

Defendants also proffered evidence that De Bose was terminated based on two incidents. In the first incident, a coworker reported that De Bose had screamed at her, called her derogatory names like "bitch" and "ho," and threatened to beat her up. In the second incident, an elderly customer reported that De Bose yelled at her, called her a "bitch," and threw a rent check at her. The coworker and customer complained to Public Storage about De Bose. Defendants further argued that De Bose "impeached herself more than 50 times" by contradicting her deposition testimony at trial, and that neither she nor her witnesses were credible.

Ultimately, the arbitrator issued a seven-page award in defendants' favor. In the written award, the arbitrator dismissed De Bose's negligence claim as untimely or barred by the workers' compensation exclusivity rule. The arbitrator further explained that no credible evidence demonstrated that defendants subjected De Bose to actionable sexual or racial harassment. The arbitrator also rejected De Bose's cause of action for race discrimination because De Bose had not presented sufficient

4

evidence of Arredondo's racial animus. The arbitrator found no evidentiary support for De Bose's retaliation claim under Labor Code section 1102.5. Finally, she denied De Bose's claim for wrongful termination because De Bose failed to show a discriminatory motive or that defendants' legitimate reasons for terminating her were pretextual. The arbitrator stated the award fully settled all claims submitted to arbitration, and "[a]ll claims not expressly granted herein are hereby, denied."

After receiving the award, De Bose's counsel requested that the arbitrator "include essential findings and conclusions" regarding several of De Bose's specific factual allegations. De Bose asked the arbitrator to expressly resolve whether Arredondo engaged in the specific acts of sexual harassment about which De Bose and other witnesses had testified; whether Arredondo terminated De Bose in retaliation for her rejection of his sexual advances; whether Arredondo denied De Bose's transfer request based on her race; and whether Hoeman "used the N-word" in De Bose's presence, as well as whether Hoeman was a supervisor. De Bose also asked the arbitrator to expressly state her conclusions regarding the timeliness of De Bose's claims; provide "a finding assessing the proper burden" on the wrongful termination claim; expressly rule on the application of an exception to the workers compensation exclusivity rule to her negligence claim; address Public Storage's duty of care; and state her credibility findings regarding each of the witnesses. The arbitrator denied De Bose's request.

In September 2023, defendants filed a petition to confirm the award in the trial court. De Bose opposed the petition and filed a competing petition to vacate the award, contending that the arbitrator exceeded her powers by failing to provide essential

5

findings and conclusions regarding all of De Bose's claims and theories of liability.

The trial court granted defendants' petition to confirm the award and denied De Bose's petition to vacate the award. The trial court concluded the arbitrator's award made essential findings and conclusions. The trial court further found that De Bose had not cited authority requiring the arbitrator "to address *every* single alleged incident of misconduct proffered by [the] plaintiff," and existing legal authorities gave the arbitrator discretion to determine the scope of her contractual powers, including which issues were necessary for her to resolve.

In November 2023, the trial court entered judgment for defendants. De Bose timely appealed.

## DISCUSSION

## I. Legal Principles and Standard of Review

Both the California Arbitration Act (Code Civ. Proc., § 1280 et seq.; CAA) and the Federal Arbitration Act (9 U.S.C. § 10 et seq.; FAA) favor contractual arbitration "as a more expeditious and less expensive means of resolving disputes than by litigation in court." (*Hightower v. Superior Court* (2001) 86 Cal.App.4th 1415, 1431 (*Hightower*); *Dean Witter Reynolds, Inc. v. Byrd* (1985) 470 U.S. 213, 220 [FAA policy favoring enforcement of arbitration agreements intended to largely eliminate " 'the costliness and delays of litigation' "].) "Thus, it is clearly the expectation of the parties to an arbitration agreement that the arbitrator's decision will be both binding and final." (*Hightower*, at p. 1432, citing *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 (*Moncharsh*); see *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 344 ["The 'principal purpose' of the FAA is to 'ensur[e] that private arbitration agreements are enforced according to their terms.' "].)

6

"Ensuring arbitral finality thus requires that judicial intervention in the arbitration process be minimized." (*Moncharsh, supra*, 3 Cal.4th at p. 10; *Hall Street Associates, L.L.C. v. Mattel, Inc.* (2008) 552 U.S. 576, 588 (*Hall*) [FAA provides for "limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway"].) Courts may vacate an arbitration award "in only limited and exceptional circumstances." (*City of Richmond v. Service Employees Internat. Union, Local 1021* (2010) 189 Cal.App.4th 663, 666; *Hall*, at p. 586 [judicial review categories in FAA are exclusive and cannot be expanded by contract].)

Under the CAA and FAA, "courts are authorized to vacate an award if it was (1) procured by corruption, fraud, or undue means; (2) issued by a corrupt arbitrator; (3) affected by prejudicial misconduct on the part of the arbitrator; or (4) in excess of the arbitrator's powers. (Code Civ. Proc., § 1286.2, subd. (a); 9 U.S.C. § 10(a).)" (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 916 (*Richey*).) The grounds for vacatur in both statutes are exclusive. (*Hall, supra*, 552 U.S. at pp. 583–589; *Moncharsh, supra*, 3 Cal.4th at pp. 27–28.) We review de novo "whether the arbitrator exceeded his [or her] powers and thus whether we should vacate [the] award on that basis . . . ." (*Richey*, at p. 918, fn. 1.)

## II.  The Trial Court Did Not Err In Denying De Bose's Motion To Vacate

De Bose contends that the arbitrator exceeded her powers under the CAA and FAA by failing to make "essential findings and conclusions" as the parties' agreement required. Specifically, De Bose contends the arbitrator's award did not address "dispositive" issues and allegations regarding De Bose's claims

7

for race discrimination, race harassment, and sexual harassment. We disagree. The award revealed the arbitrator's essential findings and conclusions with respect to these claims.

## A. Arbitral awards under federal and state law

The FAA does not require arbitrators to provide a written explanation of their reasons supporting an award. (*Bosack v. Soward* (9th Cir. 2009) 586 F.3d 1096, 1104.) However, some courts have held that arbitrators who fail to make findings and conclusions as required by the arbitration agreement " 'exceed their powers' " by "fail[ing] to meet their obligations, as specified in a given contract, to the parties." (*Western Employers Ins. Co. v. Jefferies & Co., Inc.* (9th Cir. 1992) 958 F.2d 258, 262, 259 (*Western Employers*), italics omitted.) In *Western Employers*, for example, the Ninth Circuit Court of Appeals held that the arbitrators exceeded their powers by failing to provide findings of fact and conclusions of law, which were expressly required by the parties' agreement. (*Id.* at pp. 261–262; see also *Cat Charter, LLC v. Schurtenberger* (11th Cir. 2011) 646 F.3d 836, 843 & fn. 14 [arbitrator exceeds authority "by failing to provide an award in the form required by an arbitration agreement," including by " 'not doing enough' "].)

Federal courts have described " 'essential findings and conclusions' " as those necessary and indispensable to the outcome. (*Cox v. Dex Media, Inc.* (D.Colo., Mar. 26, 2021, Civ. A. No. 18-CV-01817-KLM) 2021 WL 1165523, p. *9 (*Cox*)); see also *Hale v. Morgan Stanley* (S.D.Ohio 2021) 571 F.Supp.3d 872, 883–884 [arbitrator who "sufficiently outlined his reasons for giving his award" complied with rule that required statement of " 'the essential findings and conclusions on which the [a]ward is based' "].) Where an agreement requires the arbitrator to set

forth "findings of fact and conclusions of law," "the touchstone is simply whether enough facts are found and enough legal principles stated so that a reviewing tribunal can ascertain the reasons for the ultimate determination." (*New Elliott Corp. v. MAN Gutehoffnungshutte AG* (S.D.N.Y. 1997) 969 F.Supp. 13, 15; see also *Cox*, at p. *9.)

Under the CAA, an arbitral award "shall be in writing" and "shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." (Code Civ. Proc., § 1283.4.) " '[F]ailure to find on all issues submitted is . . . a statutory ground for vacating an award.' [Citation.]" (*Heimlich v. Shivji* (2019) 7 Cal.5th 350, 364.) Yet, "it is for the arbitrators to determine what issues are 'necessary' to the ultimate decision. . . . 'Likewise, any doubts as to the meaning or extent of an arbitration agreement are for the arbitrators and not the court to resolve.' " (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 372, quoting *Morris v. Zuckerman* (1968) 69 Cal.2d 686, 690; see also *Hightower, supra*, 86 Cal.App.4th at p. 1434.) "[A]n arbitrator's failure to render express findings on disputed questions does not invalidate the award where . . . the award ' "serves to settle the entire controversy." [Citation.]' [Citation.]" (*Luster v. Collins* (1993) 15 Cal.App.4th 1338, 1345.)

With respect to FEHA claims, the California Supreme Court has held that an arbitrator must provide "a written arbitration decision that will reveal, however briefly, the essential findings and conclusions on which the award is based." (*Armendariz, supra*, 24 Cal.4th at p. 107.)

Defendants contend the FAA applies here. They also assert that *Western Employers* has been "supersede[d]" by more recent

9

federal decisions.  However, they argue that under either the FAA or the CAA, the arbitrator did not exceed her powers here. De Bose has not addressed whether the FAA applies to this matter and instead contends that under either the CAA or the FAA, the arbitrator's award must be vacated.  We need not decide which arbitration statute applies.  Under either the CAA or the FAA, we conclude the arbitrator's award complied with the parties' agreement and the California Supreme Court's guidance in *Armendariz* requiring that the award reveal the essential findings and conclusions on which the award was based.

**B.  The arbitrator made essential findings and conclusions in her award**

De Bose contends the arbitrator failed to make essential findings and conclusions relevant to her race discrimination, race harassment, and sexual harassment claims, because she did not expressly address certain specific allegations and evidence. We address each cause of action below.

**1.  Race discrimination**

De Bose's race discrimination claim asserted that defendants unlawfully transferred her and terminated her on the basis of her race.  To prevail on the claim, De Bose was required to prove that " '(1) [s]he was a member of a protected class, (2) [s]he was qualified for the position [s]he sought or was performing competently in the position [s]he held, (3) [s]he suffered an adverse employment action, . . . and (4) some other circumstance suggests discriminatory motive.' " (*Martin v. Trustees of California State University* (2023) 97 Cal.App.5th 149, 162, quoting *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 355 (*Guz*).)

The arbitrator explained her basis for rejecting the claim. She credited evidence that Arredondo made only a single comment that De Bose would " 'be comfortable with [her] own kind' . . . with no other indicia of racism," and found this was "insufficient in the total context of her employment to support a charge of racial discrimination."  The arbitrator also noted the lack of any evidence that Arredondo expressed discriminatory animus with respect to other similarly situated employees.

Further, to the extent De Bose relied on "Arredondo's claimed racial discrimination" to allege wrongful termination, the arbitrator stated: "As I have found the evidence insufficient of [*sic*] that claim, this one too must fail."  The arbitrator also found no substantial evidence that defendants' stated reasons for terminating De Bose—"a combination of a shouting match with other employees on two separate occasions and a disrespectful interaction with a customer about which the customer filed a complaint"—were pretextual.

In finding that the evidence did not establish that Arredondo harbored a discriminatory motive, the arbitrator sufficiently explained the issues necessary to the resolution of the claim.  (See *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 225 ["mere discriminatory thoughts or stray remarks are not sufficient to establish liability under the FEHA"].)  Additionally, the arbitrator concluded that no evidence indicated that defendants' nondiscriminatory reasons for terminating De Bose were a pretext for discrimination.  The insufficiency of the evidence regarding racial animus and pretext is dispositive of racial discrimination claims under FEHA.  (*Guz, supra*, 24 Cal.4th at pp. 355–356 [plaintiff bears burden to offer evidence of discriminatory motive for adverse action].)

11

## 2. Racial harassment

Similarly, the award provided the arbitrator's essential findings and conclusions in rejecting De Bose's racial harassment cause of action. To prevail on a racially hostile work environment claim under FEHA, De Bose had to "show she was subjected to harassing conduct that was (1) unwelcome; (2) because of race; and (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment." (*Bailey v. San Francisco Dist. Attorney's Office* (2024) 16 Cal.5th 611, 627.) The arbitrator concluded that any use of the N-word in De Bose's workplace was not sufficiently severe or pervasive to establish the race harassment claim.

De Bose contends the arbitration award was required to discuss several of her specific allegations, including that an employee she alleged was a supervisor also used the N-word in her presence. However, providing essential findings and conclusions on which the award was based did not require the arbitrator to discuss every allegation or piece of evidence. The award indicated that the arbitrator rejected the race harassment claim based on a finding that the evidence was insufficient to demonstrate severe and pervasive conduct. The award stated that the claim was "mostly" based on customer use of racial epithets. While the award then specifically discussed the evidence related to customers, it would be broadly understood as encompassing all of the evidence presented on that claim. (*Grunwald-Marx, Inc. v. L.A. Joint Board* (1959) 52 Cal.2d 568, 589 ["[e]very intendment of validity must be given the award"].)

## 3. Sexual harassment

The arbitrator's award also made specific findings based on the evidence to deny De Bose's hostile environment sexual

12

harassment claim.  De Bose alleged Arredondo personally sexually harassed her and that he did nothing about customers who subjected her to sexually offensive and derogatory language. The arbitrator found De Bose's sworn testimony about Arredondo's harassment "at best, inconsistent," noting that she had not complained to Public Storage, her family members, or her coworkers about Arredondo's alleged unwelcome conduct.  The award then states: "What credible evidence there is in this record is that Arredondo once gave her a hug after she'd had a frightening experience and, perhaps, that he sometimes patted a clothed leg when sitting together or once closely brushed against her going past her in a doorway.  Coworkers who had similar experiences with Arredondo described them as without sexual overtones or intent."  The arbitrator further found that even assuming the alleged incidents of harassment occurred, the "occasional incidents cannot be found to be either objectively actionable sexual harassment or to constitute the severe or pervasive conditions required for a finding of hostile environment."

To prove a sexually hostile work environment claim under FEHA, De Bose had to establish that she "was subjected to harassing conduct that was (1) unwelcome, (2) because of sex or gender, and (3) sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment." (*Kruitbosch v. Bakersfield Recovery Services, Inc.* (2025) 114 Cal.App.5th 200, 213.)  By concluding that the only *credible* evidence concerned Arredondo's conduct, and that evidence did not demonstrate that it was sufficiently severe or pervasive to constitute actionable sexual harassment, and further did not demonstrate that De Bose ever made a formal complaint

13

to anyone at the company, the arbitrator resolved all dispositive issues with respect to this claim.  After the arbitrator found the testimony regarding Arredondo's other alleged sexual harassment was not credible, there was no need for the arbitrator to make any further findings regarding the content of that testimony.  (*Rietveld v. Rosebud Storage Partners* (2004) 121 Cal.App.4th 250, 257 [arbitration is "a factfinding affair and the arbitrator need[s] to make credibility determinations"].)

### C. There is no basis to conclude the arbitrator exceeded her powers

In sum, the arbitrator was not required to render particularized findings and conclusions on every factual allegation and legal theory to comply with statutory and contractual obligations.  (*Cox*, *supra*, 2021 WL 1165523, at p. *9 [arbitrator did not have to state all findings or conclusions or " 'even the most significant evidence' " supporting decision to comply with contractual provision requiring " 'essential findings and conclusions' "].)  Moreover, the arbitrator's resolution of the *issues* necessary to resolve each cause of action did not require the arbitrator to weigh whether every *allegation* made by De Bose was true or false.  The arbitrator's explanation of why De Bose failed to present sufficient credible evidence to support the requisite elements of each FEHA cause of action fully resolved the claims.  (See *id*. at p. *10 [arbitrator complied with arbitration provision requiring award to state "essential findings and conclusions" by addressing burden-shifting framework of ADEA case].)

In arguing that the arbitrator's award was inadequate, De Bose urges us to define "essential findings and conclusions" according to Code of Civil Procedure former section 632,

14

governing trial court statements of decision.[1]  De Bose provides no support for adopting this standard in the context of arbitration awards.  Moreover, even if we accepted De Bose's unsupported contention that the definition applies here, it would not alter the outcome.  Like arbitration awards, statements of decision also "need not respond to 'every point raised by a party or make an express finding of fact on each contested factual matter; it need only dispose of all basic issues and fairly disclose the court's determination as to ultimate facts and material issues in the case.' [Citation.]" (*Alafi v. Cohen* (2024) 106 Cal.App.5th 46, 60.)

Nor do De Bose's citations to *Western Employers*, *supra*, 958 F.2d 258, or *Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665, support her argument that the written award in this case fell short of providing essential findings and conclusions.  *Western Employers* and *Pearson Dental* vacated arbitral awards on the basis that they failed to state *any* findings and conclusions.  (*Western Employers*, at p. 260 [panel included no findings of fact or conclusions of law in award]; *Pearson Dental*, at pp. 671–672, 679 [arbitrator issued "brief letter" stating plaintiff's FEHA claims were untimely without explaining reasoning].)  The Ninth Circuit and the California Supreme Court

---

[1]  Code of Civil Procedure section 632 was amended in 1981.  The current version of the statute requires trial courts to "issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at the trial." (*Id*., subd. (a).)  The prior version on which De Bose relies required trial courts to make findings of fact and conclusions of law.  (*R. E. Folcka Construction, Inc. v. Medallion Home Loan* Co. (1987) 191 Cal.App.3d 50, 52–54 [1981 amendment eliminated requirement for findings of fact and conclusions of law].)

15

concluded, respectively, that failing to provide any explanation of the award deprived the plaintiff of the benefit of his contractual bargain (*Western Employers*, at pp. 261–262) and violated the plaintiff's unwaivable statutory right to judicial review under *Armendariz* (*Pearson Dental*, at pp. 676–679).  Additionally, *Pearson Dental* held that the arbitrator made a legal error regarding tolling that deprived the plaintiff of his unwaivable statutory right to a hearing on the merits of his FEHA claim. (*Pearson Dental*, at pp. 670, 678–679, citing *Armendariz, supra*, 24 Cal.4th at pp. 106–107; *Richey, supra*, 60 Cal.4th at p. 918 [*Pearson Dental* limited to vacatur where arbitrator's misunderstanding of agreement's " 'procedural framework' " deprived parties of hearing on merits of FEHA claims].)

In this case, De Bose has not identified any comparable omissions or procedural errors that deprived her of the benefit of her bargain or of her unwaivable statutory rights.  Unlike the arbitrators in *Western Employers* and *Pearson Dental*, the arbitrator here issued an award explaining her reasoning for denying each cause of action after hearing testimony from numerous witnesses over the course of several days.  The arbitrator did not abdicate her obligation to explain her decision, such that she did not provide any findings or conclusions that the parties bargained for and foreclosed the possibility of judicial review, nor did her conduct deprive De Bose of a hearing on the merits of her claims.

*Western Employers* and *Pearson Dental* did not confront whether and under what circumstances an arbitrator's explanation of its award falls short of the "essential findings and conclusions" required by contract or law.  Thus, neither *Western Employers* nor *Pearson Dental* supports a conclusion that the

16

award here is subject to vacatur.  (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 ["An appellate decision is not authority for everything said in the court's opinion but only 'for the points actually involved and actually decided.' "].)

### DISPOSITION

The judgment is affirmed.  Respondents to recover costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EGERTON, Acting P. J.

HANASONO, J.